■ SKYWAY CONTAINER CORPORATION, Appellant, v. FERDINAND CASTAGNA et al., Doing Business under the Name of NEW SOUTH ROAD REALTY CO., et al., Respondents.— In an action by a sublessee to declare rights under its sublease and the primary lease, plaintiff appeals from an order of the Supreme Court, Nassau County, dated September 21, 1965, which dismissed the complaint and granted summary judgment to defendant Columbia Corrugated Container Corp., the lessee, upon a counterclaim. Order modified (1) by deleting its first decretal paragraph (dismissing the complaint) and (2) by substituting therefor a provision (a) denying the motion to dismiss the complaint, (b) directing that plaintiff is entitled to a declaration of its rights under the lease and sublease and (c) further directing that judgment shall be entered declaring that plaintiff is liable to defendant Columbia Corrugated Container Corp., the lessee, for the additional rent due to increased taxes and is not entitled to any relief against the other defendants, who comprise New South Road Realty Co., the lessor, and that defendants are granted costs of the action, to be taxed by the Clerk of the court below. As so modified, order affirmed, with $10 costs and disbursements payable by appellant to each respondent who filed a separate brief. The action is remitted to the court below for appropriate proceedings with respect to entry of judgment. We are of the opinion that the landlord is a proper party to this action for declaratory relief as it is one who would be affected by the judgment (22 Carmody-Wait, New York Practice, Declaratory Judgments, pp. 739–741). This is particularly so here where the claim of relief seeks equitable estoppel and such estoppel may be invoked against a third party if there is conduct warranting such relief (21 N. Y. Jur., Estoppel, § 49). Where an action is a proper one for declaratory judgment a court should not dismiss the complaint if the plaintiff is not entitled to the relief it seeks, but should declare the rights of the parties and give judgment to the defendants (*Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45; *Town Board* v. *City of Poughkeepsie*, 22 A D 2d 270, 276). We are of the further opinion that the court below was correct in its ruling that on the merits of the matter the lessee, Columbia Corrugated Container Corp., is entitled to summary judgment for the additional rent owing due to increased taxes. Since the obligations of the parties are clearly set forth in the leases, plaintiff could not be entitled to equitable relief, since it could not be found excusably ignorant of the true facts. Moreover, the question of additional rent due to increased taxes could easily

have been inquired into by the sublessee plaintiff at the time it entered into the sublease (*Triple Cities Constr. Co.* v. *Maryland Cas. Co.*, 4 N Y 2d 443; *Lynn* v. *Lynn*, 302 N. Y. 193, 205, cert. den. 342 U. S. 849; *World of Food* v. *New York World's Fair*, 22 A D 2d 278; 21 N. Y. Jur., Estoppel, §§ 15, 61). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.