OPINION OF THE COURT
Memorandum.
In each case, the order of the Appellate Division should be reversed, with costs, and the petition dismissed.
Petitioners, members of the New York City Fire Department, successfully competed in a competitive examination for promotion to the rank of Lieutenant. A promotional eligibility list was promulgated on July 13, 1972. Subsequently, the *832 Legislature amended section 85 (subd 1, par [c], cl [3]) of the Civil Service Law and extended the "time of war” period of the Korean conflict to January 31, 1955, thereby authorizing the grant of veterans’ preference credit on civil service examinations to persons who had served in the armed forces during that period (L 1976, ch 313 [eff June 8, 1976]). The effect of the amendment was to harmonize the State’s recognition of the dates of the Korean conflict with those of the Federal Government (US Code, tit 38, § 101, subd [9]).
Respondents denied petitioners’ requests to award them additional credits on their promotional examinations by reason of their service in the armed forces during the period embraced by the redefined duration of the Korean conflict. Claiming the amendatory legislation to be remedial and therefore retroactive, petitioners instituted these article 78 proceedings to compel respondents to award them additional veterans’ preference points on the ground that refusal to do so constituted arbitrary and capricious administrative action.
Recognizing that civil service eligibility lists must be finalized as soon as practicable, our Constitution specifies that veterans’ preference credit "shall be granted only at the time of the establishment of [the eligibility] list” (NY Const, art V, § 6; see, also, Civil Service Law, § 85, subd 3). Inasmuch as the eligibility list had already been made at the time the amendatory legislation was enacted, petitioners were not entitled to additional veterans’ preference credit. In view of the specific command of the Constitution, attempts to glean an intent on the part of the Legislature that this legislation be applied retroactively are unavailing.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
In each case: Order reversed, etc.