■ SCOTT WILLIAMS et al., Appellants, v ANNA E. SOMERS et al., Respondents. — Order, Supreme Court, New York County (Grossman, J.), entered February 24, 1982, dismissing the amended complaint as against defendants West Star Roofing Inc. and Anna Somers, modified, on the law and the facts, by granting plaintiffs leave to serve a second amended complaint within 20 days after service of a copy of the order to be entered hereon with notice of entry. The order is also modified by directing the joinder of Stephen Spalti within that same 20-day period. If Spalti cannot be joined, plaintiff shall move to be excused under CPLR 1001 (subd [b]). As modified, the order is otherwise affirmed, without costs. Special Term dismissed the original complaint with leave to replead. In dismissing the original complaint, Special Term stated, *inter alia,* that: "Clarification is required as to the corporate status of plaintiff, and the necessity of Mr. Spalti as a proper party." The amended complaint does not clarify those matters. The amended complaint names Plants 'N Produce Inc. as a party plaintiff. That pleading also refers to a sublease agreement between Plants 'N Produce Inc. and defendant West Star Roofing Inc. However, the amended complaint is silent as to how Plants 'N Produce Inc. obtained any interest in the building. Defendant Anna Somers originally leased the building to plaintiff Scott Williams and nonparty Stephen Spalti. If Williams and Spalti assigned a portion of their rights in the building to Plants 'N Produce Inc., that fact should be mentioned in the pleading. The plaintiffs will be given another opportunity to rectify this deficiency in their pleading. Initially, the defendants moved to dismiss this action for failure to join Stephen Spalti as a necessary party. (CPLR 3211, subd [a], par 10.) At present, colessee Spalti has not been joined in the proceeding. Since plaintiffs are seeking, *inter alia,* a declaration of rights among the owner, the lessees, and sublessees, Spalti is a necessary party under CPLR 1001 (subd [a]). Spalti's rights may very well be inequitably affected by a judgment in this action. He should be joined if complete relief is to be accorded to all the parties.

(*Skyway Container Corp. v Castagna,* 27 AD2d 542.) In the original complaint, it was alleged that Spalti converted Williams' property and that criminal charges were pending against him. These allegations were deleted from the amended complaint. Moreover, neither Williams nor his attorney discusses this topic in their affidavits. This court is thus unaware as to whether service upon Spalti can be effected. If plaintiffs are unable to join Spalti as a party, they should move to be excused from such service under CPLR 1001 (subd [b]). In their moving affidavits, plaintiffs should specify why they cannot serve Spalti. While the Supreme Court is a proper forum for this action, we find it premature to address the legal sufficiency of the complaint until (i) the status of Plants 'N Produce Inc. is clarified in a second amended complaint and (ii) Spalti is joined as a necessary party. The second amended complaint shall be served within 20 days after service of a copy of the order to be entered hereon with notice of entry. Likewise, Spalti should be joined as a party within that same time period. If joinder is not possible, then plaintiffs shall, within the 20-day period, move to be excused under CPLR 1001 (subd [b]). Concur — Murphy, P. J., Kupferman, Sandler, Markewich and Milonas, JJ.