■ In the Matter of RONALD BOCCIO, Petitioner, v CLARK WILSON, as Director of Temporary Release Committee of the Department of Correctional Services, Respondent. — Application, pursuant to CPLR 5704 (subd [a]), to review an order of Supreme Court at Special Term, which denied an ex parte application to commence a proceeding against respondent pursuant to CPLR article 78. Application denied. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.

■ In the Matter of RONALD BOCCIO, Petitioner, v NEW YORK STATE BOARD OF PAROLE, Respondent. — Application, pursuant to CPLR 5704 (subd [a]), to review an order of Supreme Court at Special Term, which denied an ex parte application to commence a proceeding against respondent pursuant to CPLR article 78. Application denied. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.

## (July 31, 1984)

■ In the Matter of HAROLD BRADY, Appellant, v MARIO M. CUOMO, as Governor of New York State, et al., Respondents. — Motion to dismiss appeal from order which denied an ex parte application to commence a proceeding against respondents pursuant to CPLR article 78. Motion granted, without costs, on the ground that such order is not appealable (see *Matter of King v Gregorie,* 90 AD2d 922, mot for lv to app dsmd 58 NY2d 822). Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

## FOURTH DEPARTMENT, JULY, 1984

## (July 13, 1984)

■ CARL BISBEE et al., Respondents, v CONSOLIDATED GAS SUPPLY CORP. et al., Appellants. — Judgment unanimously reversed, on the law, without costs, and matter remitted to Supreme Court, Chautauqua County, for further proceedings, in accordance with the following memorandum: On this summary judgment motion Special Term erred by determining property rights in the absence of necessary parties. Because the Spachts claimed an interest in oil and gas rights to the real property of plaintiffs, they are necessary parties "who might be inequitably affected by a judgment in the action" (CPLR 1001, subd [a]; see *Williams v Somers,* 91 AD2d 545). The parties should be permitted to add the necessary parties or to consolidate this action with a pending action in which the Spachts are parties, and to address the issue whether the clause in the deed from the Federal Land Bank to the Spachts relating to gas and oil rights was a covenant running with the land. (Appeal from judgment of Supreme Court, Chautauqua County, Gossel, J. — summary judgment.) Present — Dillon, P. J., Denman, Boomer, O'Donnell and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL REED, Appellant. — Judgment unanimously affirmed. Memorandum: The suppression court erred in stating that at a hearing to be held during the course of the