OPINION OF THE COURT
Richard W. Wallach, J.
This declaratory judgment action was commenced to determine whether plaintiffs, Officers of the New York City Housing Authority Police Department (HAPD), and residents of the State of New Jersey, may properly be denied veteran’s credit for purposes of promotion on the ground that they were not residents of New York State at the time the promotional list was established. Patrolman Jerome Kruger, Lieutenant Matthew Woods and Detective Sergeant Thomas Woods were *852 appointed as patrolmen on May 29, 1967, July 1, 1968 and June 20, 1966, respectively. During 1982 and 1983, each passed the competitive civil service exam for promotion to the next higher rank. Thereafter, each timely claimed a veteran’s credit pursuant to Civil Service Law § 85, such credit was provisionally granted, and each was duly ranked on the appropriate eligible list.
By Department of Personnel Policy and Procedure Memorandum No. 544-84 dated August 13, 1984, defendant Juan U. Ortiz as Director of defendant City of New York’s Personnel Department ordered that "[e]ffective June 21, 1981 requests for veterans preference will only be granted to the veterans who are residents of New York State at the time of list establishment”. Thus, pursuant to this memorandum "[persons who were not New York State residents at the time of list establishment should not be appointed on the basis of the score and list number achieved by the use of veteran’s credit.” Accordingly, plaintiffs’ requests to obtain the veteran’s credit provisionally granted to them was rejected by letter dated October 23, 1984. As a result, plaintiffs’ positions on the eligible lists have dropped. Plaintiffs allege that this denial of veteran’s credit will result either in the expiration of the applicable eligible list prior to their eligibility for a promotional vacancy or, at a minimum, will wrongfully delay their promotions. Clearly they have a litigable grievance.
This action was subsequently commenced seeking to have defendants’ denial of veteran’s credit declared invalid and to enjoin implementation of the memorandum intended to achieve this result. Plaintiffs now seek summary judgment in their favor on the grounds that defendants’ proposed actions with regard to plaintiffs’ veteran credits contravenes Civil Service Law § 85 (1) (a), violates the due process and equal protection clauses of the US and NY Constitutions, violates the privileges and immunities clause of the US Constitution and the fundamental right to travel as guaranteed by the US Constitution, violates the order of this court dated July 2, 1979, and arbitrarily and irrationally discriminates against them as out-of-State candidates now injured by a policy change that did not operate against others who were promoted with the advantageous veteran’s credit they have now lost.
Plaintiffs also seek an injunction pendente lite enjoining promotions to the rank of sergeant for the protection of plaintiff Kruger. It is alleged that Kruger would have been promoted on March 22, 1985 if he were given his claimed *853 veteran’s credits. It is further alleged that Kruger will be wrongfully deprived of this promotion if all pending sergeancy vacancies are filled before his status is determined by this action. During the pendency of this motion, on April 2, 1985, defendants stipulated to hold a vacancy for plaintiff Kruger open pending a determination of this motion. Accordingly, there is no need for the court to issue any order providing for this interim relief.
In support of their motion for summary judgment, plaintiffs urge first that they are entitled to prevail upon the authority of Brennan v New York City Hous. Auth. (72 AD2d 410). Brennan held that although Police Officers of the Housing Authority of the City of New York are public officers within the meaning of Public Officers Law § 30 and therefore subject to a residency requirement, defendants were to be equitably estopped from imposing it upon these very plaintiffs as well as others. This argument is unpersuasive, since it reaches beyond Brennan's limited holding which estopped defendants only from requiring residency pursuant to the Public Officers Law as a condition of continued employment. Brennan did not confront the question presented here of whether an examinee must be a New York State resident at the time an eligible list is established in order to be entitled to receive veteran’s bonus points.
Likewise unpersuasive is plaintiffs’ argument that they are entitled to veteran’s credits by reason of defendants’ allegedly arbitrary allowance of such credits to eligibles promoted between June 1, 1982 and June 21, 1984. The current change in departmental policy which denied veteran’s credits to nonresidents was allegedly instituted for the purpose of conforming the implementation of the 1982 amendment to Civil Service Law § 85 with the State constitutional mandate of article V, § 6. That some promotions were made in accordance with a departmental procedure later determined to be violative of the Constitution is certainly no reason to order defendants to continue such unlawful procedure. It therefore becomes necessary to determine if memorandum No. 544-84 does violate a constitutional interpretation of Civil Service Law § 85 and NY Constitution, article V, § 6.
Civil Service Law § 85 contains the statutory provisions for the award of additional credits to veterans in civil service competitive exams. As relevant here, section 85 (2) (a) (2) provides that "[n]on-disabled veterans shall be entitled to receive * * * two and one-half points additional credit in a *854 competitive examination for promotion”. Effective June 1, 1982 (L 1982, ch 133, § 5) the terms "veteran” and "non-disabled veteran” were defined as: "a member of the armed forces of the United States who served therein in time of war, who was honorably discharged or released under honorable circumstances from such service, who was a resident of this state at the time of entrance into the armed forces of the United States and who is a citizen of the United States or an alien lawfully admitted for permanent residence in the United States at the time of application for appointment or promotion or at the time of retention, as the case may be” (Civil Service Law § 85 [1] [a]; emphasis added). This amended definition deleted the requirement that one need be a citizen and resident of the State of New York at the time of application for appointment (L 1982, ch 133, § 5). As so amended, section 85 (1) (a) purportedly conferred upon plaintiffs, as residents of New York at the time of induction (but nonresidents at the time of application for appointment), the right to receive 2Vz points as veteran’s bonus points on their promotional exams. In refusing to credit plaintiffs with the 2Vz points, defendants contend as set forth in memorandum No. 544-84, that such an interpretation of Civil Service Law § 85 (1) (a) and § 85 (2) would result in the violation of NY Constitution, article V, § 6. That provision, which contains the constitutional authority for the award of the veteran’s credits, provides in pertinent part: "that any member of the armed forces of the United States who served therein in time of war, who is a citizen and resident of this state and was a resident at the time of his entrance into the armed forces of the United States and was honorably discharged or released under honorable circumstances from such service, shall be entitled to receive * * * two and one-half points additional credit in an examination for promotion” (emphasis supplied). This constitutional requirement of State residency at both the time of entrance into the Armed Forces and at the time the eligible list is established is inconsistent with the 1982 amendment to Civil Service Law § 85 (1) (a) where the requirement of residency at the time of establishment of the eligible list was deleted. That deletion must be regarded as a nullity. "Any statute or rule contrary to the express language of the Constitution or to its true spirit and intent, is void and cannot be enforced” (Hale v Worstell, 185 NY 247, 252-253). Thus, defendants are correct in their conclusion that article V, § 6 requires the interpretation given to Civil Service Law § 85 by memorandum No. 544-84 insofar as *855 it requires New York residency at the time of the establishment of the relevant list (see, Yetman v D’Ambrose, 46 NY2d 830). Therefore this court must confront plaintiffs’ claim that NY Constitution, article V, § 6 is unconstitutional and void for violation of US Constitution 14th Amendment (equal protection and the Federal constitutional right to travel) (Zobel v Williams, 457 US 55; Memorial Hosp. v Maricopa County, 415 US 250; Soto-Lopez v New York City Civ. Serv. Commn., 755 F2d 266).
Undoubtedly the Soto-Lopez decision of the United States Second Circuit Court of Appeals in February 1985 advanced plaintiffs’ constitutional challenge half the distance to the goal line. Soto-Lopez struck down as unconstitutional any requirement that, as a condition of receiving veteran’s bonus points in civil service examinations, the otherwise qualified veteran had to be a New York resident at the time of his or her induction into the armed services. Such prior residence was held to impose an unconstitutional restriction not only on the right to travel, but the Second Circuit further found that this condition bore no rational relationship to the legitimate State objectives of lessening the burden of military service and the encouragement of veteran participation in State employment. Obviously the burdens of military life are not affected by- the location of the recruitment center which no longer looms large in the soldier’s mind at the dawn of the first reveille.
However plaintiffs’ constitutional offensive sputters out at the 50-yard line when it meets the defense mounted here by the Attorney-General, who was granted leave to intervene in this action one month after the Soto-Lopez decision (supra) was handed down. It has long been the law that a State may constitutionally require local residence as a condition of entry level public employment (McCarthy v Philadelphia Civ. Serv. Commn., 424 US 645; Detroit Police Officers Assn. v City of Detroit, 405 US 950). In McCarthy the United States Supreme Court wrote (424 US, at pp 646-647): "Neither in those cases, nor in any others, have we questioned the validity of a condition placed upon municipal employment that a person be a resident at the time of his application. In this case appellant claims a constitutional right to be employed by the city of Philadelphia while he is living elsewhere. There is no support in our cases for such a claim” (emphasis in original).
The Supreme Court and Courts of Appeals continue to cite McCarthy (supra) as good law and to uphold such residency requirements for State and municipal employees (United Bldg. *856 & Constr. Trades v Mayor, 465 US 208, 219-220; Martinez v Bynum, 461 US 321, 326, n 5; Brockert v Skornicka, 711 F2d 1376; Ciechon v City of Chicago, 634 F2d 1055, 1059; Lorenz v Logue, 611 F2d 421, 423). Since the court continues to adhere to its decision in McCarthy and since that decision does not question "the validity of a condition placed upon municipal employment that a person be a resident at the time of his application” or a requirement that the employee continue to be a resident as a condition of his employment, it necessarily follows that the far less onerous requirement that a veteran be a bona fide resident at the time the civil service list is established as a condition of an award of additional credit is constitutional. It would seem a fortiori that if a State may require a policeman, fireman or other public employee to be a resident as an absolute condition of employment, it may legitimately adopt the far less coercive policy of favoring a resident veteran (over a nonresident one) who is seeking a supervisory promotion from the ranks.
It therefore follows that plaintiffs’ motion for summary judgment must be denied. However since this is a declaratory action under CPLR 3001, the action should not be dismissed but a judgment should issue declaring the rights of the parties (Skyway Container Corp. v Castagna, 27 AD2d 542; Plaza Mgt. Co. v City Rent Agency, 31 AD2d 347).
Accordingly the Attorney-General is directed to settle a judgment declaratory of the following: (1) Department of Personnel Policy and Procedure Memorandum No. 544-84 was lawfully issued; (2) rejection of a veteran’s credit to plaintiffs was valid and in compliance with law; (3) that so much of NY Constitution, article V, § 6 as requires State residency of an applicant at the time an eligible civil service list is established as a condition for an award of a veteran’s bonus points is valid and not in conflict with Federal constitutional law; and (4) that so much of NY Constitution, article V, § 6 as requires State residency of an applicant at the time of induction into the armed services as a condition for an award of a veteran’s bonus points is null and void as in conflict with Federal constitutional law.