OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 As we recently explained in
 
 Duffy v Horton Mem. Hosp.
 
 (66 NY2d 473), "[i]t is one thing to permit an amendment to relate back as applied to parties before the court. It is quite another thing to permit an amendment to relate back when a new party is sought to be added by amendment against whom the Statute of Limitations has run”
 
 (id.,
 
 at p 477). Inasmuch as the party sought to be added as a defendant in plaintiffs second amended complaint was a stranger to the litigation prior to the expiration of the applicable Statutes of Limitations, plaintiffs claim against that party was necessarily barred as untimely. Moreover, although CPLR 1009 provides a 20-day period within which a plaintiff need not obtain leave of the court to amend the complaint to assert direct claims against a new third-party defendant, the statute does not relieve a plaintiff from the operation of the Statutes of Limitations otherwise applicable to the claims asserted.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur; Judge Meyer taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.