■ MATTHEW WOODS et al., Appellants, v CITY OF NEW YORK et al., Respondents. STATE OF NEW YORK, Intervenor-Respondent.—Judgment, Supreme Court, New York County (Richard W. Wallach, J.), entered August 20, 1985, which, in an action seeking declaratory and injunctive relief, adjudged that rejection by the defendants-respondents of a veteran's credit to plaintiffs was valid and in compliance with the requirements of NY Constitution, article V, § 6, and that article V, § 6 was not in violation of Federal constitutional law to the extent to which it required denial of a veteran's credit to plaintiffs, but did violate Federal constitutional law to the extent that it required State residency of an applicant at the time of induction into the Armed Services to be eligible for veteran's bonus

points, modified, on the law, to delete so much of the judgment as declared null and void that part of NY Constitution, article V, § 6 that required for veteran's credit purposes State residency of an applicant at the time of induction into the Armed Services.

We agree with Special Term's central determination, for the reasons set forth in its opinion, that the defendants-respondents validly denied a veteran's credit to plaintiffs under the circumstances described, that this determination was in accordance with, and required by, NY Constitution, article V, § 6, and that NY Constitution, article V, § 6 did not violate Federal constitutional law to the extent to which it was interpreted as requiring denial of veteran's credit to plaintiffs who were not State residents at the time the relevant civil service list was established.

As to Special Term's further determination that article V, § 6 was null and void and in violation of Federal constitutional law to the extent to which it required New York State residence of an applicant at the time of the applicant's induction into the Armed Services as a condition for awarding veteran's bonus points, we note that this question was not in issue in the action. Accordingly, we modify only to delete this part of the judgment in accordance with the familiar principle that constitutional issues should not be addressed where there is no need to do so. Concur—Sandler, J. P., Asch, Milonas and Ellerin, JJ. [129 Misc 2d 851.]