OPINION OF THE COURT
Per Curiam.
Relying on the Equal Protection Clauses of both the *405 Federal and State Constitutions (US Const 14th Amend; NY Const, art I, §§ 6, 11), as well as the Privileges and Immunities Clause of the Federal Constitution (US Const, art IV, §2, cl [1]), plaintiffs challenge the constitutionality of Public Officers Law § 3 (19) and § 30 (5-a) (hereinafter the amendments). The amendments require a public officer residing outside New York State to move to one of the lawfully designated counties within one year from the effective date; public officers residing outside one of the designated counties, but within the State, may remain so domiciled but if they move, it must be to one of the designated counties (see, Public Officers Law § 3 [19]; § 30 [5-a]). Henceforth, all those accepting employment as public officers must conform to both State and local residency requirements. We hold that the State of New York may constitutionally draw a distinction between firefighters who have violated only local residency requirements and those who have violated both local and State residency requirements.
I.
Since 1829, New York has required public officers to be residents of the State (Rev Stat of NY, part I, ch 5, tit 6, § 1 [1829]). Public officers of local governments have also been required to be residents of the locality by which they are employed (Gen Laws of NY, ch 7, art I, § 3, L 1892, ch 681). After many years of not enforcing the statutory requirements, in 1986 the Fire Department passed orders (order No. 41, dated Apr. 2, 1986, and order No. 46, dated Apr. 11, 1986) to enforce the residency requirements. After these orders, the amendments were passed as a form of amnesty.
The plaintiffs in this action are firefighters employed by the Fire Department of the City of New York who do not live within the State of New York. They challenge the amendments on the ground that the amendments contain a distinction between two classes of residency law violators based solely upon the criterion of State residence. Plaintiffs challenge the constitutionality only of the amendments, not the residency requirement per se (see, McCarthy v Philadelphia Civ. Serv. Commn., 424 US 645; Detroit Police Officers Assn. v City of Detroit, 385 Mich 519, 190 NW2d 97, appeal dismissed for lack of substantial Federal question 405 US 950; Woods v City of New York, 129 Misc 2d 851, mod on other grounds 119 AD2d 469, affd 69 NY2d 771). The Appellate Division upheld *406 the amendments concluding that the distinction between the two groups is "founded upon a valid exercise of the State’s authority to require its own employees, or the employees of any of its political subdivisions, to reside within this State” (134 AD2d 66, 68). We agree.
II.
Plaintiffs’ argument based on the Privileges and Immunities Clause is without merit. Plaintiffs have no "fundamental right”, within the purview of the Privileges and Immunities Clause, to be employed as New York City firefighters (see, United Bldg. & Constr. Trades v Mayor, 465 US 208, 219; Massachusetts Bd. of Retirement v Murgia, 427 US 307; McCarthy v Philadelphia Civ. Serv. Commn., 424 US 645, supra), since public employment is not a privilege which " 'bear[s] upon the vitality of the Nation as a single entity’ ” (Matter of Gordon, 48 NY2d 266, 271). Therefore, the Privileges and Immunities Clause affords them no protection here (Baldwin v Montana Fish & Game Commn., 436 US 371).
The challenge under the Equal Protection Clause of both the Federal and State Constitutions must also fail. Since plaintiffs are not a suspect class (Strauder v West Virginia, 100 US 303; Loving v Virginia, 388 US 1; Alevy v Downstate Med. Center, 39 NY2d 326, 334), and there is "no fundamental right to government employment for purposes of the Equal Protection Clause” (United Bldg. & Constr. Trades v Mayor, 465 US, at 219, supra), the amendments must be upheld so long as they are "based upon some conceivable and legitimate State interest” (Maresca v Cuomo, 64 NY2d 242, 250; see also, Woods v City of New York, supra).
The State’s long-standing interest in requiring its public officers to be State residents is understandable. It is without doubt that "[p]ublic employees who reside in New York are more likely, as a class, to spend their money in New York” (134 AD2d 66, 75), thereby returning an economic benefit to the society from whose public fisc the officers’ salaries are paid. In addition, State residents contribute more taxes to the State and its municipalities than do nonresidents who merely work within the State. Moreover, State residency requirements are premised on the belief that out-of-State residents do not have the same loyalty and commitment to the State as instate residents. Like all public employees, those receiving amnesty must be State residents. The State has, however, *407 subordinated its local interest to a limited degree, to accommodate those in violation. In order to comply with the State residency requirement, out-of-State residents must move; inState residents, obviously, need not. Because out-of-State residents are already required to move, there is little reason to excuse them from moving into one of the lawfully designated counties. Because, on the other hand, in-State residents need not otherwise move, they are not being required to do so for the sole purpose of moving into a lawful county. But if they move from their current in-State residences, however, they, like out-of-State residents, must do so in compliance with the local residency law. This limited accommodation to those who already satisfy the State residency requirement and, therefore, do not have to move for that purpose, is rational and does not violate equal protection.
Accordingly, the order of the Appellate Division should be affirmed, with costs.