■ GARY E. RUTZ, Appellant, v ROBERT D. KELLUM et al., Respondents.—Order unanimously reversed on the law with costs and motion granted. Memorandum: Plaintiff was injured in a three-vehicle collision on July 14, 1983. The summons and complaint were served on May 28, 1985 and a bill of particulars specifying the injuries as "fracture of the cervical spine, concussion, contusion, larynx and cervical sprain" was served on each defendant on July 28 and 31, 1985, respec-

tively. On October 24, 1985, plaintiff's physician diagnosed an additional injury as "bilateral thoracic outlet syndrome". The diagnosis was reduced to writing on January 14, 1986 and a copy of the report setting forth the additional injury was given to defense counsel on February 24, 1986. Notes of issue and certificates of readiness were filed on September 26, 1986.

At a pretrial conference on October 22, 1987, a dispute arose as to whether plaintiff could offer evidence of the "thoracic outlet syndrome". Defendant Kellum opposed the offer on the basis that the injury was not specified in the bill of particulars. Thereafter, by motion returnable November 11, 1987, plaintiff moved to amend the bill of particulars. Supreme Court denied the motion, plaintiff appeals, and we reverse.

Leave to amend pleadings should be freely granted upon such terms as may be just (CPLR 3025 [b]). While the motion to amend is one addressed to the court's discretion, mere lateness is not a barrier to the amendment. " 'It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine' " *(Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959, quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:5, at 477; *see also, Cardy v Frey,* 86 AD2d 968).

Here, defendants had actual notice of the additional claimed injury within a reasonably short time after the diagnosis. Defendant Kellum now contends that he has not prepared a defense to the new claim of injury because of his belief that the claim had been "abandoned". That argument is not persuasive and, in any event, the need for additional discovery, or additional time to prepare a defense, does not constitute prejudice sufficient to justify the denial of a motion to amend pleadings *(see, Perkins v New York State Elec. & Gas Corp.,* 91 AD2d 1121). Defendant Kellum has not shown that he has been "hindered in the preparation of his case or has been prevented from taking some measure in support of his position" *(Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23, *rearg denied* 55 NY2d 801). It was thus an abuse of discretion to deny the motion to amend the bill of particulars. (Appeal from order of Supreme Court, Oneida County, Grow, J.—amend bill of particulars.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.