■ BETTY GRAHAM et al., Respondents, v EAGLE DISTRIBUTING COMPANY, INC., et al., Appellants, et al., Defendant. [637 NYS2d 583] —Order unanimously reversed on the law without costs and cross motion denied. Memorandum: Supreme Court erred in granting plaintiffs' cross motion to amend the complaint to add a cause of action alleging a violation of General Business Law § 349. That statute is "directed at wrongs against the consuming public" *(Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 24). A plaintiff alleging a cause of action pursuant to General Business Law § 349 "must demonstrate that the acts or practices have a broader impact on consumers at large. Private contract disputes, unique to the parties * * * would not fall within the ambit of the statute" *(Oswego Laborers' Local 214 Pension*

*Fund v Marine Midland Bank, supra,* at 25; *see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308). In our view, the proposed amended complaint manifestly lacks merit *(see, Mathiesen v Mead,* 168 AD2d 736) because it does not state the nature of the material misrepresentations made to the public at large. Additionally, General Business Law § 349 "was not intended to turn a simple breach of contract into a tort", but "was intended to empower consumers; to even the playing field in their disputes with better funded and superiorly situated fraudulent businesses. It was not intended to supplant an action to recover damages for breach of contract between parties to an arm's length contract" *(Teller v Bill Hayes, Ltd.,* 213 AD2d 141, 148). (Appeal from Order of Supreme Court, Genesee County, Mahoney, J.—Amend Complaint.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.