■ JEREMY W. LETTERMAN, Appellant, v PATRICK C. REDDINGTON, Respondent. [718 NYS2d 503] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court abused its discretion in denying plaintiff's motion to amend the complaint to add a claim for punitive damages. Leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit (*see, Rinker v Oberoi,* 275 AD2d 1000; *Mathiesen v Mead,* 168 AD2d 736; *see also, Graham v Eagle Distrib. Co.,* 224 AD2d 921, *lv dismissed* 88 NY2d 962). The evidence submitted by plaintiff in support of the motion establishes that defendant was driving at an excessive speed on the New York State Thruway in an intoxicated condition, with a blood alcohol level of .27%, almost three times the legal limit. Both defendant and plaintiff were traveling westbound, and defendant crashed into the rear of plaintiff's vehicle, injuring plaintiff and causing extensive damage to his vehicle. Defendant entered a plea of guilty to driving while intoxicated and driving at an excessive speed. Thus, it cannot be said that plaintiff's proposed amendment is patently lacking in merit (*see, Silvin v Karwoski,* 242 AD2d 945; *Rahn v Carkner,* 241 AD2d 585, 586; *Rinaldo v Mashayekhi,* 185 AD2d 435, 436; *cf., Sweeney v McCormick,* 159 AD2d 832, 834). Nor did defendant establish that he would be prejudiced by the amendment; his exposure to greater liability is not sufficient to establish prejudice (*see, Silvin v Karwoski, supra*). (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Amend Pleading.) Present—Pigott, Jr., P. J., Green, Hayes, Wisner and Lawton, JJ.