■ LESLIE A. JONES, Respondent, v GIENIA A. LYNCH et al., Appellants. [748 NYS2d 509] —In a medical malpractice action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Spodek, J.), dated December 28, 2001, which denied their motion to strike a second amended bill of particulars, granted the plaintiff's cross motion for leave to serve the second amended bill of particulars, and, sua sponte, vacated the note of issue.

Ordered that on the Court's own motion, so much of the no-

tice of appeal as purports to appeal as of right from that portion of the order as, sua sponte, vacated the note of issue is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the plaintiff leave to serve a second amended bill of particulars. Leave to amend a bill of particulars is ordinarily freely given in the absence of prejudice or surprise resulting directly from the delay (see CPLR 3025 [b]; McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755). While the plaintiff sought to amend her bill of particulars shortly after the action had been certified ready for trial, the affirmation of her medical expert established a reasonable excuse for the delay and the merits of the proposed amendment (cf. Danne v Otis El. Corp., 276 AD2d 581; Davidian v County of Nassau, 175 AD2d 908; Eggeling v County of Nassau, 97 AD2d 395). Furthermore, contrary to the defendants' contention, mere lateness is not a barrier to the amendment (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959), and there was no showing of significant prejudice or surprise (see Loadholt v Rams Beer & Soda, 273 AD2d 446).

Moreover, the Supreme Court providently exercised its discretion in vacating the note of issue upon its own motion (see 202 NYCRR 202.21 [e]; Basetti v Nour, 287 AD2d 126, 132). Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.