■ H. Newton McFarland et al., Respondents-Appellants, v Jeffrey M. Michel et al., Appellants-Respondents, et al., Defendants. [770 NYS2d 544]—

Appeal and cross appeal from an order of Supreme Court, Wayne County (Kehoe, J.), entered July 25, 2002, which denied the motion of plaintiffs for summary judgment on the complaint, the cross motion of defendants Jeffrey M. Michel, Milton Michel and Beverly Michel for, inter alia, summary judgment dismissing the complaint against them and the motions of those defendants seeking leave to amend their answer to add a counterclaim and to vacate the note of issue and certificate of readiness.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion in part and dismissing the second cause of action and granting the motion of defendants Jeffrey M. Michel, Milton Michel and Beverly Michel seeking leave to amend their answer to add the proposed second counterclaim upon condition that those defendants serve the amended answer within 20 days of service of a copy of the order of this Court with notice of entry and as modified the order is affirmed without costs.

Memorandum: Property owned by plaintiffs is bounded on the north by property owned by Jeffrey M. Michel, Milton Michel and Beverly Michel (collectively, defendants). Plaintiffs and defendants dispute the location of the property line. Based on a subdivision map that was allegedly filed with the County Clerk in 1990 but does not appear in the record before us, plaintiffs assert that the property line is approximately 25 feet more northerly than defendants claim it to be. Plaintiffs commenced this action pursuant to RPAPL article 15 seeking a determination that they are the legal owners of the disputed property based on the subdivision map and, alternatively, based on adverse possession. In their answer, defendants asserted a counterclaim seeking a determination that they are the legal owners of the disputed property based on deeds in their chain of title.

Following discovery, plaintiffs filed a note of issue and certificate of readiness. Within a week of that filing, defendants filed separate motions seeking leave to amend their answer to add a counterclaim asserting that they are the owners of the property by adverse possession and to vacate the note of issue and certificate of readiness. Before defendants' motions were heard, plaintiffs moved for summary judgment based on the filed subdivision map. Defendants cross-moved for summary judgment dismissing the complaint against them and seeking judgment as a matter of law on their counterclaim as well as on their proposed second counterclaim. Defendants' cross motion

with respect to the counterclaim was based on deeds in defendants' chain of title as well as claimed errors in the subdivision map. Defendants' cross motion with respect to the proposed second counterclaim was based on continuous farming of the disputed area by defendants and their predecessors at least since 1953.

Supreme Court denied each of the motions and the cross motion in one decision and order. On their appeal, defendants contend that the court erred in denying their motion seeking leave to amend their answer as well as their cross motion for summary judgment and, on their cross appeal, plaintiffs contend that the court erred in denying their motion. For the reasons that follow, we conclude that the court properly denied plaintiffs' motion and that part of defendants' cross motion for summary judgment dismissing the RPAPL cause of action. The court erred, however, in denying that part of defendants' cross motion for summary judgment dismissing the cause of action for adverse possession. We further conclude that, although the court properly denied that part of defendants' cross motion for summary judgment on the proposed second counterclaim for adverse possession, the court abused its discretion in denying defendants' motion seeking leave to amend the answer to add that counterclaim.

In seeking summary judgment on their RPAPL cause of action, plaintiffs relied on the subdivision map allegedly filed with the County Clerk in 1990, contending that the map was prima facie evidence of the contents (*see* CPLR 4522). Plaintiffs, however, did not attach that map to their motion papers and thus failed to establish their entitlement to judgment as a matter of law based on the contents of the map. In any event, the allegations of plaintiffs and their predecessor in interest in the property that the disputed area is part of plaintiffs' property based on the map are controverted by deeds submitted by defendants supporting their contention that they are the legal owners of the disputed area. Therefore, neither plaintiffs nor defendants are entitled to summary judgment on the RPAPL cause of action and counterclaim.

Defendants, however, established their entitlement to summary judgment dismissing plaintiffs' cause of action for adverse possession. Defendants submitted an affidavit from a person who farmed their property, stating that he farmed the disputed portion of the property from 1989 through 1996. Thus, defendants established that plaintiffs' use of the property, if any, was not exclusive, a required element of a cause of action for title by adverse possession (*see Ray v Beacon Hudson Mtn. Corp.,* 88

NY2d 154, 159 [1996]). Plaintiffs failed to raise a triable issue of fact whether their use of the disputed property was exclusive. We therefore modify the order by granting defendants' cross motion in part and dismissing plaintiffs' cause of action for adverse possession.

We further conclude that the court abused its discretion in denying defendants' motion seeking leave to amend the answer to add the second counterclaim for adverse possession. "Leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (*Letterman v Reddington,* 278 AD2d 868, 868 [2000]; *see* CPLR 3025 [b]; *Nizam v Friol,* 294 AD2d 901 [2002]). Here, defendants established that the counterclaim had merit by submitting the verified proposed amended answer, which provides the evidentiary support necessary to support the motion (*see Farrell v K.J.D.E. Corp.,* 244 AD2d 905 [1997]). The motion was made within one week of the filing of the note of issue and certificate of readiness and was made within 1½ years of the filing of the complaint. Thus, there was no extended delay (*cf. Jablonski v County of Erie,* 286 AD2d 927, 928 [2001]). In any event, mere lateness alone is not a barrier to the amendment but, rather, " '[i]t must be lateness coupled with significant prejudice to the other side' " (*Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959 [1983]). The only prejudice alluded to by plaintiffs is the need for additional discovery, which "does not constitute prejudice sufficient to justify the denial of a motion to amend pleadings" (*Rutz v Kellum,* 144 AD2d 1017, 1018 [1988]; *see Clark v Globe Bus. Furniture,* 237 AD2d 846, 848 [1997]). We therefore further modify the order by granting defendants' motion seeking leave to amend the answer to add the proposed second counterclaim upon condition that defendants serve the amended answer within 20 days of service of a copy of the order of this Court with notice of entry. Because plaintiffs have not been afforded an opportunity to conduct discovery on the second counterclaim, we conclude that the court properly denied that part of defendants' cross motion for summary judgment on that counterclaim (*cf. Weinstock v Handler,* 254 AD2d 165, 166 [1998]). Present—Pine, J.P., Wisner, Hurlbutt, Gorski and Lawton, JJ.