C-KITCHENS ASSOCIATES, INC., et al., Appellants, v THE TRAVELERS INSURANCE COMPANIES (TRAVELERS INSURANCE COMPANY) et al., Respondents. [789 NYS2d 567]—

Appeal from an order of the Supreme Court, Erie County

(Patrick H. NeMoyer, J.), entered March 3, 2004. The order, insofar as appealed from, denied in part plaintiffs' motion for leave to amend the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of plaintiffs, Supreme Court properly denied that part of their motion for leave to amend the complaint to add new causes of action against existing defendants as well as to add new defendants to the action. The proposed new defendants are not necessary parties inasmuch as the determination of the court will not adversely affect their rights (*see Matter of Castaways Motel v Schuyler*, 24 NY2d 120, 125 [1969]; *see also Musco v Conte*, 22 AD2d 121, 125 [1964]; *cf. Bisbee v Consolidated Gas Supply Corp.*, 103 AD2d 998 [1984]). Thus, the determination whether to grant leave to amend the complaint is governed by CPLR 3025 (b) and "is committed to the court's discretion" (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). Generally, " '[l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit' " (*McFarland v Michel*, 2 AD3d 1297, 1300 [2003], quoting *Letterman v Reddington*, 278 AD2d 868, 868 [2000]; *see* CPLR 3025 [b]; *Nizam v Friol*, 294 AD2d 901, 902 [2002]).

Contrary to the contentions of defendant The Travelers Insurance Companies (Travelers Insurance Company) (hereinafter, Travelers), any prejudice in adding the proposed new defendants would not "result[ ] directly from the delay" (*Jones v Lynch*, 298 AD2d 499, 500 [2002]; *see Messinger v Mount Sinai Med. Ctr.*, 279 AD2d 344, 345 [2001]; *Northbay Constr. Co. v Bauco Constr. Corp.*, 275 AD2d 310, 312 [2000]). Had those defendants, the attorneys for Travelers, been named in the original complaint, the same prejudice would have resulted. Thus the one-year delay between the filing of the complaint and the instant motion is not the direct cause of any prejudice.

We further conclude that, with respect to the defendants already named in the complaint, the proposed new causes of action are not time-barred because those causes of action "merely add[ ] . . . new theor[ies] of recovery arising out of transactions already at issue in this litigation" (*Presutti v Suss*, 254 AD2d 785, 786 [1998]; *see* CPLR 203 [f]). With respect to the proposed new defendants, we conclude that, contrary to plaintiffs' contention, a court may deny leave to amend a complaint to add a defendant where "it is clear from the original and amended pleadings that the [s]tatute of [l]imitations has expired" (*Citibank*

*[N.Y. State] v Suthers*, 68 AD2d 790, 795 [1979]; *see Liverpool v Arverne Houses*, 67 NY2d 878, 879 [1986]; *cf. Levykh v Laura*, 274 AD2d 418 [2000]). The proposed causes of action against the new defendants do not relate back to the filing of the original complaint because the proposed new defendants had no notice of potential claims against them and they are not "united in interest" with the existing defendants (CPLR 203 [c]; *see Duffy v Horton Mem. Hosp.*, 66 NY2d 473, 477 [1985]). With respect to the merits, we conclude that some, but not all, of the limitations periods have expired.

After reviewing each of the proposed new causes of action, however, we conclude that they are " 'patently lacking in merit' " (*McFarland*, 2 AD3d at 1300, quoting *Letterman*, 278 AD2d at 868) and, therefore, plaintiffs' motion was properly denied in part. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.