West 125th St. Realty LLC v Chosen Realty Corp. (2023 NY Slip Op 02630)

West 125th St. Realty LLC v Chosen Realty Corp.

2023 NY Slip Op 02630

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Kern, J.P., Friedman, Gesmer, Moulton, Rodriguez, JJ. 

Index No. 152859/21 Appeal No. 243 Case No. 2022-02546 

[*1]West 125th Street Realty LLC, Plaintiff-Respondent,
v
Chosen Realty Corp., Defendant-Appellant, Onyx Realty LLC et al., Defendants.

Nathan M. Ferst, New York, for appellant.
Ershowsky Verstandig PLLC, Lawrence (Michael B. Ershowsky of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about May 10, 2022, which denied defendant Chosen Realty Corp.'s motion to dismiss the complaint as against it, unanimously reversed, on law and the facts, without costs, and the motion granted.
The court denied Chosen's motion to dismiss the complaint against it on the ground that plaintiff pleaded viable causes of action to invalidate an easement and for fraud based on purported allegations that Chosen failed to disclose the grant of the easement in favor of codefendant Onyx simultaneously with Chosen's conveyance of the property to plaintiff. The complaint, however, does not allege that the easement was void, or that Chosen acted fraudulently, because Chosen failed to disclose that the property would be encumbered. Nor did plaintiff oppose the motion to dismiss on that basis. Rather, the complaint alleges that the easement was invalid and fraudulently granted because the execution of the easement did not become effective until after the sale of the property had been completed and because plaintiff did not "consent" to it.
The allegations as pleaded are insufficient to state the claims against Chosen. Plaintiff's reliance on Cerniglia v Church of the Holy Name of Mary (72 AD3d 862, 866 [2d Dept 2010]) is misplaced. While that case noted that an easement was valid because the property owner had title at the time the easement was "created," it does not stand for the proposition that a property owner cannot agree to grant an easement that becomes effective after a sale of the property.
Plaintiff's failure to join its tenant in common, MKM Holdings LLC, as a party does not require dismissal of the action (see CPLR 3211[a][10]). Because plaintiff seeks to vindicate property interests that are entirely aligned with MKM's interests, a determination of plaintiff's rights would not affect MKM's rights "inequitably" (CPLR 1001[a]; Williams v Somers, 91 AD2d 545, 545 [1st Dept 1982]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023