| Treacy v Ferder |
|:---:|
| 2024 NY Slip Op 31441(U) |
| April 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654145/2018 |
| Judge: Debra A. James |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. DEBRA A. JAMES**                   PART   59

_Justice_

-----------------------------------------------------------------------------X

TEGAN TREACY,

                           Plaintiff,

                - v -

ILAN FERDER, ILAN FERDER STABLES, INC.,OLD
SALEM FARM ACQUISITION CORP., and KAMRAN
HAKIM,

                     Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654145/2018 |
| MOTION DATE | 07/18/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 39, 40, 41, 42, 43, 44, 47, 48, 49, 50, 51, 52, 56

were read on this motion to/for _____RENEW/REARGUE_____.

ORDER

Upon the foregoing documents, it is

ORDERED that the motion of defendants for leave to reargue the Order, dated September 10, 2020, to the extent that such Order denied dismissal of the complaint against Kamran Hakim and denied dismissal of the second (deceptive acts and practices) cause of action against defendants Ilan Ferder and Ilan Ferder Stables, Inc; the fourth (fraud) cause of action against defendants Ilan Ferder and Ilan Ferder Stables, Inc; the fifth (negligent misrepresentation) cause of action against defendant Ilan Ferder; and the sixth (unjust enrichment) cause of action against defendant Ilan Ferder, is GRANTED, as follows; and it is further

**654145/2018   TREACY, TEGAN vs. ILAN FERDER**                   **Page 1 of 5**
Motion No.  002

1 of 5

ORDERED that, upon reargument, the Court modifies its prior Order, dated September 10, 2020, to the extent of granting dismissal of the complaint in its entirety against defendant Kamran Hakim, and it is further

ORDERED that, upon reargument, the Court modifies its prior Order, dated September 10, 2020, to the extent of granting dismissal of the second (deceptive acts and practices) cause of action against defendants Ilan Ferder and Ilan Ferder Stables, Inc, and dismissal of the fourth, fifth and sixth (fraud, negligent misrepresentation, and unjust enrichment) causes of action against defendants Ilan Ferder and Ilan Ferder Stables, Inc, and such causes of action are hereby dismissed; and it is further

ORDERED that the complaint is dismissed in its entirety as against defendant Kamran Hakim, with costs and disbursements to such defendant as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of such defendant; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption, as follows:

**654145/2018   TREACY, TEGAN vs. ILAN FERDER**
**Motion No.  002**

**Page 2 of 5**

2 of 5

[* 2]

```
-------------------------------------------x
TEGAN TREACY,

                    Plaintiff,

-against-

ILAN FERDER, ILAN FERDER STABLES, INC.,
and OLD SALEM FARM ACQUISITION CORP.,

                    Defendants.
-------------------------------------------x
```

;and it is further

ORDERED that counsel for the moving parties shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that defendant Old Salem Farm Acquisition Corporation shall serve an answer to the complaint within thirty (30) days of service of a copy of this order with notice of entry; and it is further

ORDERED that the Court otherwise adheres to its Order, dated September 10, 2020; and it is further

**654145/2018   TREACY, TEGAN vs. ILAN FERDER**
**Motion No.  002**

**Page 3 of 5**

[* 3]

3 of 5

ORDERED that counsel are directed to post on NYSCEF a proposed preliminary discovery conference order or competing proposed preliminary discovery order(s) at least two days before June 20, 2024, on which date counsel shall appear via Microsoft Teams, unless such appearance be waived by the court.

## DECISION

With respect to the second cause of action for deceptive acts and practices (violations of General Business Law § 349), plaintiff fails to allege material misrepresentations made to the public at large, and therefore such cause of action lacks merit. See Graham v Eagle Distributing Co, Inc, 224 AD2d 921 (4th Dept 1996).

In addition, plaintiff's claims of (1) fraud as against defendants Ilan Ferder and Ferder Stables, Inc, (2) negligent misrepresentation against defendant Ilan Ferder, and (3) unjust enrichment against defendants Ilan Ferder and Ferder Stables, Inc are duplicative of her claims for breach of contract claims against such defendants, and therefore such claims shall be dismissed. See Soames v 2LS Consulting Engineering, DPC, 187 AD3d 490 (1st Dept 2020).

This court likewise agrees with defendants that the complaint and plaintiff's supporting affidavits state nothing more, as to his status, than that defendant Hakim is "doing business as" defendant Old Salem Farm Acquisition Corp. As such

**654145/2018  TREACY, TEGAN vs. ILAN FERDER**
**Motion No.  002**

**Page 4 of 5**

[* 4]

defendant entity is a corporation, defendant Hakim is no more than a principal and stockholder of same and is not individually liable except on a piercing of the corporate veil basis. Plaintiff has not made even conclusory assertions that support defendant Hakim's personal liability on plaintiff's breach of fiduciary duty, negligent misrepresentation and fraud claims against corporate defendant Old Salem Farm Acquisition Corp. See Art Capital Bermuda Ltd v Bank of NT Butterfield & Son Limited, 169 AD3d 426, 427 (1st Dept 2019); Dabrowski v Abax Inc, 64 AD3d 426 (1st Dept 2009); and Max Marcus Katz, PC v Sterling National Bank, 206 AD3d 533 (1st Dept 2022).

20240423130232DJAMES2CB4C107431D4E3B96CD3A7DA21884AE

| 4/23/2024 | | | | DEBRA A. JAMES, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | ☐ DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**654145/2018   TREACY, TEGAN vs. ILAN FERDER**
Motion No.  002

Page 5 of 5

5 of 5