ABV Med. Supplies Inc. v MTA Bus - LaGuardia (2025 NY Slip Op 51476(U))

[*1]

ABV Med. Supplies Inc. v MTA Bus - LaGuardia

2025 NY Slip Op 51476(U)

Decided on September 18, 2025

Civil Court Of The City Of New York, Kings County

Oguntunde-Waterman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 18, 2025
Civil Court of the City of New York, Kings County

ABV Medical Supplies Inc. AAO Edith Reed, Plaintiff(s),

against
MTA Bus - LaGuardia, Defendant(s).

Index No. CV-707910-22/KI

Olufunmilola Oguntunde-Waterman, J.

Recitation, as required by CPLR §2219(a) of the papers considered in review of this Motion:
Papers
Notice of Motion and Affidavits Annexed . . . NYSCEF
Answering Affidavit . . . NYSCEF
Replying Affidavits . . . NYSCEF
Exhibits
Other
Upon the foregoing cited papers, after oral argument on September 11, 2025, the Decision/Order on Defendant's Motion to Dismiss and Plaintiff's Cross-Motion to Amend and Substitute, is as follows:
Defendant's motion to dismiss the complaint as against Defendant, MTA Bus — LaGuardia ("Defendant MTA Bus") is granted. Defendant MTA Bus has established that it has no obligation to provide No-Fault coverage for the subject claim, as no vehicle owned, operated, or insured by Defendant MTA Bus was involved in the underlying accident. Moreover, the agencies of the Metropolitan Transportation Authority are not responsible for each other's claims. Accordingly, the Complaint is dismissed with prejudice as against Defendant MTA Bus.
Plaintiff's cross-motion to amend the caption and substitute the New York City Transit Authority ("NYC Transit Authority") as a party defendant is granted. CPLR 1003 expressly permits the addition of parties "at any stage of the action by leave of court," and CPLR 3025(b) authorizes amendments to pleadings "at any time by leave of court," which shall be "freely given upon such terms as may be just." Leave to amend should therefore be liberally granted where necessary for a complete determination of the issues, provided that no undue prejudice or surprise results. CPLR 1003.
Here, Plaintiff's request satisfies this standard, as it seeks to join the proper party in interest for adjudication of the issues already presented in the pleadings. Based on the record presently before the Court, there is no perceived prejudice at this stage of the litigation to adding [*2]the proposed party, and any potential element of surprise is mitigated by Plaintiff's representation that the bills at issue were submitted to NYC Transit Authority before Plaintiff inadvertently commenced this action against the wrong defendant.
The Court is mindful that leave to amend may be denied where it is clear from the record that the statute of limitations has expired against the proposed new defendant (see, C-Kitchens Assocs. v. Travelers Ins. Cos., 15 AD3d 905 (4th Dept., 2005), citing, Citibank [NY State] v. Suthers, 68 AD2d 790 (1979); Liverpool v. Arverne Houses, 67 NY2d 878, (1986); cf. Levykh v. Laura, 274 AD2d 418 (2000); see also, 3 New York Civil Practice: CPLR P 1003.07 (2025); Brenon v. County of Oneida, 124 AD2d 464 (3rd Dept., 1986). On the present record, however, it is not apparent that the statute of limitations has expired. The Court further notes the statute of limitations was tolled when Plaintiff filed its motion to add NYC Transit Authority, together with a supplemental summons and amended complaint (see, Perez v. Paramount Communications, 92 NY2d 749 [1999])["Where the motion, including the proposed supplemental summons and amended complaint, is filed with the court within the applicable limitations period, but the ruling by the court does not occur until after expiration, dismissal is inappropriate and would offend the CPLR's liberal policies of promoting judicial economy and preventing a multiplicity of suits"]).
To the extent that Plaintiff's failure to file an affidavit of service of its cross-motion constitutes a procedural irregularity, the Court deems it nonprejudicial as this is a NYSCEF case and disregards it pursuant to CPLR 2001.
Accordingly, it is hereby,
ORDERED, that Defendant MTA Bus's motion to dismiss is granted in its entirety, with prejudice as solely against it; and it is further
ORDERED, that Plaintiff's cross-motion to amend the caption and join NYC Transit Authority as a party defendant is granted; and it is further
ORDERED, that this action shall bear the following caption: "ABV MEDICAL SUPPLIES INC., AAO EDITH REED, Plaintiff, against NYC TRANSIT AUTHORITY, Defendant. Index No.: CV-707910-22/KI"; and it is further
ORDERED, that the Clerk of the Court is directed to amend the caption as directed herein; and it is further
ORDERED, that Plaintiff shall serve the supplemental summons and amended complaint upon the newly added defendant, New York City Transit Authority, within twenty (20) days from the date of entry of this Decision and Order, pursuant to CPLR 308; and it is further
ORDERED, that the newly added defendant, NYC Transit Authority, shall thereafter appear in accordance with CPLR 320.
This constitutes the Decision and Order of the Court.
Date: September 18, 2025
Brooklyn, New York
Hon. Olufunmilola Oguntunde-Waterman, JCC