JOHN CLEMENS et al., Appellants, v HENRY R. APPLE, Respondent.

Third Department, June 21, 1984

APPEARANCES OF COUNSEL

*DeGraff, Foy, Conway, Holt-Harris & Mealey* (*John T. DeGraff, Jr.,* and *James T. Potter* of counsel), for appellants.

*Hesson, Ford, Sherwood & Whalen* (*H. Neal Conolly* of counsel), for respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

On December 8, 1977, plaintiff John Clemens, a victim of Alzheimer's disease, was involved in a motor vehicle accident with defendant. Approximately two years later, Clemens underwent surgery for removal of a herniated disc. Claiming that the degenerative herniated disc condition he suffered from due to his disease had been aggravated by the car accident, Clemens applied for, but his insurance carrier denied, no-fault insurance benefits to cover the cost of the surgery. In deciding to challenge the carrier's decision, Clemens had the option of commencing an action or proceeding to arbitration (Insurance Law, § 675, subds 1, 2); he chose the latter forum. On June 10, 1983, the arbitration panel, consisting of two doctors, found the

carrier justified in rejecting Clemens' claim because evidence of a causal relationship between the herniated disc and the automobile accident was lacking.

Prior to the arbitration hearing, Clemens and his wife had commenced this negligence action against defendant to recover for personal injuries and related damages incurred as a result of the 1977 incident. After the arbitrators' decision, Special Term granted defendant's motion for partial summary judgment on the ground that the arbitration panel's finding collaterally estopped plaintiffs from asserting that the exacerbated herniated disc condition was a product of the accident. At issue is whether the panel's decision in this respect is entitled to collateral estoppel effect in the personal injury suit when defendant was not a party to the arbitration.

Since the parties agree that the disc injury considered by the arbitrators is also a claimed injury in plaintiffs' negligence suit, and it is apparent from the record that Clemens was accorded a full and fair opportunity to litigate his claim that a causal relationship existed between the accident and that injury during arbitration, he is barred from relitigating it now (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; see *Matter of Ranni,* 58 NY2d 715; *Matter of American Ins. Co. [Messinger-Aetna Cas. & Sur. Co.],* 43 NY2d 184). In addition, although Clemens' wife was not a party to the arbitration, her derivative claim, insofar as it relates to the disc condition, is similarly barred (Siegel, NY Prac, § 458, p 607).

In an effort to circumvent application of the doctrine of issue preclusion, plaintiffs point to the modesty of the amount at stake, the summary and informal procedures which characterize arbitration proceedings and the fact that they neither anticipated the collateral estoppel effect nor appealed the arbitrators' decision.

Although the amount at stake in the arbitration proceeding ($1,798.02) was far less than the damages being sought in this action ($250,000), nonetheless, it is not an insignificant amount and though prohibited from recovering for Clemens' herniated disc, plaintiffs' right to recover from the various other injuries and damages they allegedly suffered remains unimpeded. Moreover, it was Clemens

alone who elected the forum, freely opting for arbitration. This "voluntary choice of the arbitration forum necessarily imports acceptance of the more summary, informal and less structured procedures which characterize arbitration" (*Matter of American Ins. Co.* [*Messinger-Aetna Cas. & Sur. Co.*], *supra,* p 191). Having selected arbitration, the fact that Clemens then chose not to vigorously pursue his arbitration claim or appeal the panel's decision is no justification for barring the application of collateral estoppel. As for the contention that the issue of the causality of Clemens' condition did not receive the attention in the arbitration proceeding which it would have had it been reasonably anticipated that the panel's decision would have a binding effect in the personal injury action, we note, as Special Term did, that whether the parties intended that any issues determined in arbitration would have collateral estoppel effect is not controlling; and given the fact that the negligence suit was pending at the time of the arbitration proceeding, it was reasonably foreseeable that the arbitration decision would impact on that suit.

It may well be, as plaintiffs suggest, that concluding as we have has serious and adverse policy considerations in that no-fault claimants will be discouraged from proceeding in arbitration against their own insurers for medical expenses. That policy argument must, however, give way to the now firmly established principle that collateral estoppel is applicable to arbitration proceedings (*Matter of Ranni, supra*).

Inasmuch as the issue decided in the arbitration proceeding initiated by Clemens against his carrier is identical to that which plaintiffs seek to have resolved in their still pending negligence action, and as they clearly had a full and fair opportunity to assert their position, they are bound by the arbitrators' decision that the herniated disc condition was not causally related to the automobile accident (see *Greenspan v Doldorf,* 87 AD2d 884; *Mayers v D'Agostino,* 87 AD2d 519, affd on other grounds 58 NY2d 696; *Baldwin v Brooks,* 83 AD2d 85; *Kilduff v Donna Oil Corp.,* 74 AD2d 562).

The order should be affirmed, without costs.

MAIN, J. P., CASEY and HARVEY, JJ., concur.

Order affirmed, without costs.