■ HERIBERTO MALDONADO et al., Respondents, v NU WAY FUEL OIL BURNERS, INC., Appellant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORP., Proposed Defendant-Respondent. —In an automobile negligence action to recover damages for personal injuries, etc., the defendant Nu Way Fuel Oil Burners, Inc., appeals from an order of the Supreme Court, Kings County (Levine J.), dated April 9, 1986, which denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the cause of action had been determined by prior arbitration and award, and failed to rule on the plaintiffs' cross motion to join the Motor Vehicle Accident Indemnification Corporation as a party to the action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied with leave to renew in a new action or proceeding, and the complaint is dismissed.

The plaintiff Heriberto Maldonado was injured in a "hit and run" accident, when he, a pedestrian, was struck by a car which left the scene. A witness provided the police with a license plate number, which was traced to a vehicle owned by the defendant Nu Way Fuel Oil Burners, Inc. (hereinafter Nu Way). Mr. Maldonado assigned his right to collect no-fault benefits to the hospital in which he was being treated, and, when the defendant's carrier refused to pay a claim for benefits, the hospital brought the matter to arbitration. After a hearing, the arbitrator determined that the hospital had

failed to meet its burden of demonstrating that the offending vehicle was that belonging to the defendant; the award was later confirmed by judgment of the Supreme Court, New York County.

Despite the arbitration award, the plaintiffs brought the instant plenary action against Nu Way to recover damages for personal injuries to Heriberto Maldonado and for the loss of services to his wife, Gladys Maldonado. Nu Way moved to dismiss the complaint on the ground that the issue had been determined by prior arbitration and award (see, CPLR 3211 [a] [5]). The respondent Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC), against whom recourse could be sought by the plaintiffs if the identity of the hit-and-run vehicle could not be ascertained (see, Insurance Law § 5218), opposed Nu Way's motion to dismiss. The plaintiffs, in addition to opposing Nu Way's motion, cross-moved, inter alia, for an order joining MVAIC as a party to the action. The Supreme Court, Kings County, denied the motion to dismiss, but did not address the cross motion to join MVAIC as a party. Only Nu Way appeals. We reverse.

Clearly, any personal injury action on behalf of the plaintiffs against Nu Way is barred by the previous arbitration between Mr. Maldonado's assignee and Nu Way's insurance carrier, as the hospital, with which the plaintiffs were in privity, had a full and fair opportunity to litigate the issue of the vehicle's identity in the prior forum (see, Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.], 43 NY2d 184; Clemens v Apple, 102 AD2d 236, affd 65 NY2d 746; Kilduff v Donna Oil Corp., 74 AD2d 562).

Further, MVAIC's participation was premature. The arbitrator's award is not binding on MVAIC, which was not a party to the arbitration and did not have its interests represented in that forum. Should the plaintiffs now proceed against MVAIC, the issue of the vehicle's identity and ownership may be relitigated at the preliminary hearing provided for under Insurance Law § 5218 (b).

Accordingly, the complaint should be dismissed. Mangano, J. P., Niehoff, Kunzeman and Harwood, JJ., concur.