■ SUMMA ENVIRONMENTAL SERVICES, INC., Respondent, v FIFTH AVENUE PARTNERS et al., Appellants.—Order, Supreme Court, New York County (David Saxe, J.), entered on or about November 15, 1990, which, *inter alia,* denied the defendants' motion to vacate a second mechanic's lien, dated March 12, 1990, and which denied the defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

On or about January 19, 1990, plaintiff filed a mechanic's lien against premises located at 745 Fifth Avenue, New York, in the amount of $153,000 for asbestos removal services, naming "745 Associates, LaSalle Partners/Hexalon Real Estate" as the owners or agents of the subject property. After concluding that its January 19, 1990 lien was defective in that the record owners were "Fifth Avenue Partners" and "Trans American Partners II" rather than the named owners on the mechanic's lien, plaintiff timely filed a second mechanic's lien, dated March 12, 1990, in the same amount, naming the proper owners of the subject property. Subsequently, defendants' motion to vacate the January 19, 1990 lien was granted on default, and plaintiff thereafter commenced the underlying

action seeking to foreclose on the March 12, 1990 mechanic's lien. Defendants then moved to dismiss the complaint as barred by the doctrine of collateral estoppel.

In order to invoke the doctrine of collateral estoppel, there "must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and * * * there must have been a full and fair opportunity to contest the decision now said to be controlling" *(Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71). Where the party against whom collateral estoppel is being asserted defaulted in the prior action, as in the present case, there cannot be an identity of issue that was actually litigated *(Kaufman v Lilly & Co.,* 65 NY2d 449, 456).

Based upon the foregoing principles, we find that the IAS court properly determined that the underlying action was not barred by issue preclusion since the prior lien was vacated based upon the plaintiff's default and since there was no identity of issues which had been necessarily decided in the prior action as the correct owners of the subject property had not been correctly named in the initial mechanic's lien.

Moreover, conflicting affidavits submitted by the respective parties established that there were issues of fact, precluding summary judgment, as to whether the owners had, in fact, paid for all services rendered by the plaintiff *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341).

We have reviewed the defendants' remaining claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Kassal and Smith, JJ.