■ In the Matter of MARGARET WACHTMEISTER, Petitioner, v JOHN V. ANDRUS, as Clinton County Director of Public Health, et al., Respondents. [719 NYS2d 345] —Crew III, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by or-

der of the Supreme Court, entered in Clinton County) to review a determination of respondents which terminated petitioner's employment as a public health nurse.

Petitioner, a public health nurse, began her employment with the Clinton County Department of Public Health (hereinafter the Department) in 1994. In October 1997, following an incident with one of petitioner's patients, the Department became aware of certain irregularities in petitioner's job performance, prompting respondent Joanne Swiesz, the Department's Director of Patient Services, to initiate a utilization review. This process entailed a formal audit of a sample of the charts maintained for petitioner's patients and disclosed discrepancies and errors in each of the charts selected for review. As a result, the Department instituted a "plan of correction," which required petitioner to, *inter alia*, participate in scheduled conference sessions with her supervisors and undergo a battery of competency examinations. Petitioner subsequently failed six of the 11 examinations administered and testing was suspended when she was suspected of cheating.

Thereafter, in January 1998, petitioner was charged with 55 specifications of misconduct pursuant to Civil Service Law § 75. Specifically, petitioner was charged with nine specifications that she failed to execute medical regimens prescribed by a physician (charge 1), 22 specifications that she failed to consistently maintain an accurate patient record for her clients (charge 2), four specifications that she failed to properly supervise home health aides (charge 3), 17 specifications that she failed to provide appropriate follow-up care for her patients (charge 4), two specifications that she failed to meet the standards of practice for a registered nurse (charge 5) and, finally, one specification that she failed to demonstrate good judgment and moral behavior stemming from the allegation that she had cheated on one of the competency examinations (charge 6).

Following a lengthy hearing, the Hearing Officer found petitioner guilty of each specification of misconduct set forth in charges 1 through 5.* Respondent John V. Andrus, the Department's Director of Public Health, subsequently adopted the Hearing Officer's findings of fact and, as to penalty, terminated petitioner's employment effective July 13, 1998. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 against Swiesz and Andrus seeking annul-

---

* Finding that respondents failed to prove that petitioner cheated on the subject competency examination, the Hearing Officer exonerated petitioner of charge 6.

ment of the underlying determination, reinstatement to her position as a public health nurse and back pay. Finding that the petition presented an issue of substantial evidence, Supreme Court transferred the matter to this Court pursuant to CPLR 7804 (g).

The various arguments raised by petitioner on review do not warrant extended discussion. As a starting point, we reject petitioner's assertion that she is entitled to back pay. The record reveals that charges were filed against petitioner on January 27, 1998 and, as a result thereof, she was suspended without pay for 30 days in accordance with Civil Service Law § 75 (3). That suspension lapsed on February 26, 1998, at which time petitioner's salary was restored. Thereafter, on April 2, 1998, petitioner executed a release whereby she agreed to be removed from the Department's payroll pending a final determination of the disciplinary proceeding in exchange for an adjournment of her scheduled hearing. Although petitioner now asserts that she was coerced into executing the subject release, the record fails to substantiate her conclusory allegation on this point.

Equally unpersuasive is petitioner's claim that the determination under review is not supported by substantial evidence. Swiesz testified in painstaking detail regarding each of the specifications of misconduct set forth in charges 1 through 5 and her testimony, which plainly was credited by the Hearing Officer, coupled with the voluminous documentary evidence and the fact that petitioner failed six of the 11 competency examinations administered to her, provides overwhelming evidence of petitioner's misconduct. Stated another way, the record demonstrates that there was ample cause for petitioner's dismissal (see generally, Matter of Civil Serv. Empls. Assn. v New York State Pub. Empl. Relations Bd., 267 AD2d 935, 937 [relevant inquiry in proceeding pursuant to Civil Service Law § 75 is whether there is cause for employee's dismissal]). In light of such proof, we cannot say that the penalty of termination was so disproportionate to the offenses committed as to be shocking to one's sense of fairness (see, Matter of Williams v County of Fulton, 270 AD2d 613, 616). Petitioner's remaining contentions, including her assertion that the Hearing Officer committed various evidentiary errors and/or rendered his decision prematurely, have been examined and found to be lacking in merit.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.