In re Scott L. BARTON, Debtor.

Simmons Masonry, Inc., dba Simmons Construction, Plaintiff–Appellee,

v.

Scott L. Barton, dba Scott L. Barton, Architect, Defendant–Appellant.

No. 01–CV–53.

United States District Court, N.D. New York.

Jan. 15, 2002.

**62**

Richard Croak, Albany, NY, for Defendant–Appellant.

Getnick, Livingston, Atkinson, Gigliotti & Priore, Utica, NY, Nicholas S. Priore, of Counsel, for Plaintiff–Appellee.

### MEMORANDUM–DECISION and ORDER

HURD, District Judge.

## I. INTRODUCTION

Presently before the court is an appeal from a final order of the United States Bankruptcy Court for the Northern District of New York, Littlefield, B.J., entered on December 6, 2000. The Bankruptcy Court granted summary judgment in favor of Plaintiff–Appellee Simmons Masonry, Inc. d/b/a Simmons Construction ("Simmons Masonry" or "plaintiff"), after finding that, based upon a confession of judgment executed by Defendant–Appellant Scott A. Barton ("Barton" or "the debtor"), collateral estoppel compelled a determination that the debt purportedly owed to Simmons Masonry evidenced by the confession of judgment was nondischargeable. This timely appeal followed. Oral argument was heard on May 25, 2001, in Albany, New York. Decision was reserved.

## II. BACKGROUND

■ Barton contracted with Simmons Masonry to renovate a building he owned. When Barton's funding fell short, plaintiff threatened to stop work, place liens on the project, and sue Barton. On February 13, 1998, without the aid of counsel, Barton signed a confession of judgment in favor of Simmons Masonry for $140,629.20, with continuing interest. The affidavit accompanying the confession of judgment ac-

knowledges that the amount "confessed represents non-payment of Lien Law Article 3–A trust[1] funds." Judgment was entered on June 26, 1998, against Barton pursuant to the confession of judgment. The debtor filed a Chapter 13 bankruptcy petition on September 22, 1998, which was dismissed on December 2, 1999. He then filed a Chapter 7 petition on February 4, 2000, which included the debt underlying the Simmons Masonry judgment. Thereafter Simmons Masonry initiated an adversary proceeding challenging the dischargeability of that debt.

Barton contended in the adversary proceeding that he had not received any Article 3–A trust funds, despite the confession of judgment. Accordingly, he contended that there was no breach of fiduciary duty or defalcation which would exempt the debt from dischargeability. On the other hand, Simmons Masonry contended, and the bankruptcy court agreed, that the debtor was collaterally estopped from arguing that he did not breach a fiduciary duty, due to the confession of judgment. The bankruptcy court found that "a confession of judgment is entitled to the same judicial deference as any other state determination including res judicata and collateral estoppel, and '. . . every fact confessed to is deemed established and binds the party in any future litigation.'" (Mem., Dec. & Ord. Dec. 6, 2000)(quoting N.Y. C.P.L.R. § 3218 (McKinney 1992)(Siegel, David D., Practice Commentaries)). Accordingly, the bankruptcy court found that the debt was nondischargeable. The sole issue on this appeal is whether giving preclusive effect to the state confession of judgment constituted an error of law.

**1.** N.Y. Lien Law §§ 70–71 (McKinney 1993), commonly referred to as Article 3–A, imposes upon a general contractor a trust in order to preserve amounts paid for materials and la-

## III. DISCUSSION

### A. Standard of Review

Matters of statutory construction and questions of law are reviewed de novo. *General Motors Acceptance Corp. v. Valenti,* 105 F.3d 55, 59 (2d Cir.1997). Factual findings by the bankruptcy judge are set aside only when clearly erroneous. Fed. R. Bankr.P. 8013.

### B. Collateral Estoppel Standard

Full faith and credit is given to state court judgments by United States Courts. 28 U.S.C. § 1738. The "same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered" is given by the federal court. *Migra v. Warren City Sch. Dist. Bd. of Ed.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). In this case, therefore, this court must give the same preclusive effect to the state confession of judgment as would be given under New York State law.

In New York State, collateral estoppel precludes relitigation of an issue previously decided in a proceeding in which there was a full and fair opportunity to litigate the issue. *Kaufman v. Eli Lilly & Co.,* 65 N.Y.2d 449, 455, 492 N.Y.S.2d 584, 482 N.E.2d 63 (N.Y.1985). Two requirements must be satisfied in order to invoke collateral estoppel. *Id.* "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." *Id.* The "burden of demonstrating the identity of the issues in the present litiga-

bor in connection with construction projects. The 3–A lien against the property continues until all material suppliers and laborers are paid.

tion and the prior determination" is on the party seeking to invoke collateral estoppel. *Id.* at 456, 492 N.Y.S.2d 584, 482 N.E.2d 63. The party opposing invocation of the doctrine must "establish[ ] the absence of a full and fair opportunity to litigate the issue in the prior action."

### C. Analysis

■ Barton argues that the issue of his receiving Article 3–A trust funds and consequently breaching a fiduciary duty was not actually litigated or determined in any prior action, and therefore the confession of judgment did not collaterally estop him from asserting before the bankruptcy court that he did not receive Article 3–A trust funds and did not breach a fiduciary duty. He relies on *Kaufman* in contending that since the confession of judgment was not obtained through litigation, there is no identity of issues. *See* 65 N.Y.2d at 457, 492 N.Y.S.2d 584, 482 N.E.2d 63. The *Kaufman* Court stated: "If the issue has not been litigated, there is no identity of issues between the present action and the prior determination. An issue is not actually litigated if, for example, there has been a default, a confession of liability, a failure to place a matter in issue by proper pleading or even because of a stipulation." *Id.* at 456–57, 492 N.Y.S.2d 584, 482 N.E.2d 63.

There was no litigation that led to the confession of judgment in this case. Since the issue of Barton's nonpayment of Article 3–A trust funds was not litigated, therefore, there is no identity of issues between the prior state court judgment and the current bankruptcy proceeding. *See id.* Accordingly, under New York State law, as set forth by that state's highest court in *Kaufman,* Barton's prior confession of judgment does not preclude him from subsequently litigating in bankruptcy court the legitimacy of his handling of

Article 3–A trust funds. *See id.* The bankruptcy court thus erred in determining, based solely on the confession of judgment, that Barton breached a fiduciary duty in handling Article 3–A trust funds and therefore finding that the debt underlying the judgment was nondischargeable.

■ Simmons Masonry cites several cases in support of its argument that collateral estoppel effect must be given to the confession of judgment, none of which compel that result. However, the authorities cited support the general principle of New York State law that the doctrine of collateral estoppel applies only when an issue has been "actually litigated and determined" in a prior action. *See id.* at 456, 492 N.Y.S.2d 584, 482 N.E.2d 63. Moreover, Simmons Masonry attempts to rigidly apply the doctrine, when its application must involve "a practical inquiry into the realities of the litigation" and its underlying "general notions of fairness." *See Halyalkar v. Board of Regents of New York,* 72 N.Y.2d 261, 268–69, 532 N.Y.S.2d 85, 527 N.E.2d 1222 (N.Y.1988).

For example, Simmons Masonry cites *Kelleran v. Andrijevic,* 825 F.2d 692 (2d Cir.1987), *cert. denied,* 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988), for the proposition that a bankruptcy court must give a state court default judgment preclusive effect, as it would be given in state court. However, the court found that under New York State law, liability issues could not be further contested by a defaulting party. *Id.* at 694. Thus, the bankruptcy court was required to follow the previous liability determinations, unless an exception to 28 U.S.C. § 1738 permitted otherwise. *See id.* This finding is not nearly so broad as to support the contention that a New York State court would give preclusive effect to any default judgment, or that a confession of judgment

would be given preclusive effect by the state courts.

Similarly, Simmons Masonry cites *Perino v. Cohen,* 92 B.R. 54 (Bankr.S.D.N.Y. 1988), as authority that a New York State court would give preclusive effect to a valid judgment whether entered by default or on consent. However, the court in *Cohen,* after analysis following the state law regarding collateral estoppel, found that the prior judgment by default did not collaterally estop the current litigation because Cohen established that he had not had a full and fair opportunity to litigate in the prior proceeding. *Id.* at 67. Moreover, the court went on to conclude that identity of issues was not established. *Id.* at 71–72.

Simmons Masonry further cites *In re Schick,* 232 B.R. 589 (Bankr.S.D.N.Y.1999) for the proposition that under New York State law preclusive effect is given to any valid judgment, even if entered by default or consent. From a close reading of the decision, however, it is apparent that the parties accepted the res judicata effect of the judgment by consent, which was entered for failure to comply with the terms of the stipulation of settlement. *Id.* at 594–95. Therefore, the court did not analyze this issue. *See id.* Rather, the court analyzed the issues raised and contested by the parties, such as fraudulent inducement, mistake, and relief from the automatic stay. *See id.* at 595–601.

Simmons Masonry also argues that *Kaufman* is inapposite for three reasons. First, it argues that collateral estoppel was held inapplicable in *Kaufman* only because a novel issue of law was involved in the prior court determination, where that issue of law was not addressed by the court. Second, plaintiff argues that because *Kaufman* did not involve a confession of judgment, any statement of the law in that regard was merely dicta. Finally, it argues that the confession of judgment in this case is distinguishable from a standard confession of judgment that merely acknowledges a debt because Barton affirmed under penalty of perjury the ultimate fact, non-payment of Article 3–A trust funds, that is dispositive of the dischargeability question in the bankruptcy proceeding.

These arguments are unavailing. While a novel issue of law was involved in *Kaufman,* and a judgment after trial rather than a confession of judgment was involved, abundant case law exists applying New York's general principles of collateral estoppel where a novel issue of law is not presented and in the varied contexts of confessions of judgment, defaults, and even criminal pleas. *See, e.g., Abdur–Rahman v. Sharpe,* 1994 WL 1060302, at *5 (S.D.N.Y.1994)(finding that a guilty plea to robbery charge does not collaterally estop plaintiff's 42 U.S.C. § 1983 illegal search claim); *Sanchez v. Bellefeuille,* 1992 WL 88050, at *4 (N.D.N.Y.1992)(finding that a guilty plea to minor charges does not have preclusive effect); *Fizzinoglia v. Carrero,* 94 B.R. 306, 309 (Bankr.S.D.N.Y.1988)(finding there was no litigation for estoppel purposes where the judgment was by consent decree); *Halyalkar,* 72 N.Y.2d at 270, 532 N.Y.S.2d 85, 527 N.E.2d 1222 (finding that a consent order in state administrative proceedings regarding professional misconduct does not have preclusive effect on later proceeding because the issue was not litigated); *Pigliavento v. Tyler Equip. Corp.,* 233 A.D.2d 810, 811, 650 N.Y.S.2d 414 (1996)(finding that where a prior judgment was entered on default the issue was not actually litigated and subsequent litigation was not barred); *1829 Caton Realty v. Caton BMT Assoc.,* 225 A.D.2d 599, 599, 639 N.Y.S.2d 110 (1996)(finding that a stipulation of settlement does not preclude later determina-

tion of issue because the issue was not actually litigated); *Prudential Home Mortgage Co. v. Neildan Constr. Corp.*, 209 A.D.2d 394, 395, 618 N.Y.S.2d 108 (1994)(finding that an action to quiet title in which it was conceded that the property was subject to a mortgage did not estop later litigation on the validity of the mortgage because that issue was not actually litigated but that judicial estoppel did prevent later claim of mortgage invalidity); *S.D.I. Corp. v. Fireman's Fund Ins. Cos.*, 208 A.D.2d 706, 708–09, 617 N.Y.S.2d 790 (1994)(finding that a default judgment on breach of contract claim against a general contractor does not have preclusive effect on claim against contractor's insurer); *Summa Envtl. Servs., Inc. v. Fifth Ave. Partners*, 176 A.D.2d 664, 665, 575 N.Y.S.2d 317 (1991)(finding in a mechanics lien foreclosure action prior default did not have preclusive effect, because there was no identity of issue that was actually litigated); *Philan Ins. Ltd. v. Frank B. Hall & Co.*, 170 Misc.2d 729, 731–32, 651 N.Y.S.2d 289 (1996)(finding in reinsurance loss claims no collateral estoppel where prior dismissal was with prejudice by stipulation, because issue was not actually litigated)

Further, the degree of specificity underlying the prior judgment plays no part in determining whether an issue has been litigated. *See e.g., Halyalkar*, 72 N.Y.2d 261, 532 N.Y.S.2d 85, 527 N.E.2d at 1223, 1226 (concluding that the issue of willful and knowing misconduct was not litigated despite the prior consent order of guilt to charges of "willfully and knowingly filing nine false certifications for medical examinations not performed").

## IV. CONCLUSION

Barton is not collaterally estopped from litigating the issue of his purported non-payment of Article 3–A trust funds be-

cause the issue was not previously litigated and consequently there is no identity of issues between the prior state court judgment based upon his confession of judgment and the present bankruptcy proceeding. The finding of the bankruptcy court to the contrary was an error of law and must be reversed. Finally, this matter must be remanded to the bankruptcy court for findings of fact and conclusions of law regarding the dischargeability of the debt at issue under 11 U.S.C. § 523(a)(4).

Accordingly, it is

ORDERED that

1. The December 6, 2000, judgment of the bankruptcy court is REVERSED; and

2. This matter is remanded to the bankruptcy court for further proceedings consistent with this Memorandum–Decision and Order.

IT IS SO ORDERED.