## Margaret L. WACHTMEISTER, Plaintiff–Appellant,

v.

Joanne SWIESZ, Director of Patient Services for Clinton County; John Andrus, Director of Public Health for Clinton County; Blanka Hamernik, Nurse Supervisor for Clinton County, Defendants–Appellees,

Docket No. 02–7832.

United States Court of Appeals, Second Circuit.

March 14, 2003.

Margaret L. Wachtmeister, Plattsburgh, NY, for Appellant, pro se.

Samuel Hoar, Jr. (Douglas Le Brun, on the brief), Dinse Knapp & McAndrew PC, Burlington, VT, for Appellees.

Present: MESKILL, CARDAMONE and CABRANES, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is hereby **AFFIRMED**.

Margaret Wachtmeister appeals from an order of the District Court for the Northern District of New York entered June 17, 2002, granting defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"). *See Wachtmeister v. Swiesz*, No. 1:01 Civ. 1137, 2002 WL 1585526 (N.D.N.Y. June 12, 2002). The District Court dismissed plaintiff's complaint, which sought reinstatement to her former position, back pay and compensatory damages under 42 U.S.C. § 1983.

The Court held that plaintiff's claims were barred by collateral estoppel due to the preclusive effect of prior New York state court proceedings under New York

state law.[1] *See* 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (holding that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered" pursuant to both the United States Constitution and the Full Faith and Credit Act, 28 U.S.C. § 1738); *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir.1999) (holding that in § 1983 cases, we look to New York law and give the state court's findings whatever preclusive effect they would be given under New York law); *Genova v. Town of Southampton*, 91 A.D.2d 1023, 458 N.Y.S.2d 888 (2d Dept.1983) (holding that a decision in an Article 78 proceeding is a determination on the merits); *see also* N.Y.C.P.L.R. § 7806 (McKinney 1990) (stating that judgment in an Article 78 proceeding may "dismiss the proceeding either on the merits or with leave to renew").

We review a District Court's dismissal of an action under Rule 12(b)(6) *de novo*. *See, e.g., Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir.1999). Dismissal under Rule 12(b)(6) is only appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation marks and citation omitted). Dismissal under Rule 12(b)(6) is appropriate when a defendant raises collateral estoppel, or issue preclusion, as an affirmative defense and it is clear from the face of the complaint, and consideration of matters which the court may take judicial notice of, that the plaintiff's claims are barred as a matter of law. *See, e.g., Co-*

*nopco, Inc. v. Roll Intern'l*, 231 F.3d 82, 86–87 (2d Cir.2000).

"In order to apply collateral estoppel under New York law, 'it must be shown that the party against whom collateral estoppel is sought to be invoked had been afforded a full and fair opportunity to contest the decision said to be dispositive of the present controversy.'" *Ciambriello v. County of Nassau*, 292 F.3d 307, 315 (2d Cir.2002) (quoting *Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 414 N.Y.S.2d 308, 386 N.E.2d 1328, 1331 (1979), citing *Continental Cas. Co. v. Rapid-Am. Corp.*, 80 N.Y.2d 640, 593 N.Y.S.2d 966, 609 N.E.2d 506, 510 (1993)). The District Court held that all of the claims asserted by plaintiff in the instant federal action were raised in the New York state court proceedings and were fully litigated therein, which resulted in their being barred by collateral estoppel in a subsequent federal court proceeding. *See Leather v. Eyck*, 180 F.3d at 424 (holding that " '[c]ollateral estoppel ... means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.' "); *see also Migra*, 465 U.S. at 81 (holding that federal courts give state-court judgments the same preclusive effect as would be given the law of the State). *See generally, Rivet v. Regions Bank of La.*, 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998); *Kent v. Katz*, 312 F.3d 568, 574 (2d Cir.2002) (holding that federal courts afford prior state court proceedings the same preclusive effect they would have under state law); *Temple of the Lost Sheep Inc. v. Abrams*, 930 F.2d 178, 184–85 (2d Cir.1991) (holding that the

---

1. The prior New York state judicial proceedings were: *Wachtmeister v. Andrus*, 279 A.D.2d 822, 719 N.Y.S.2d 345 (3d Dept.2001) (upholding the defendants' discharge of plaintiff after more than fifty specific instances of incompetence and/or misconduct were prov-

en and dismissing the N.Y.C.P.L.R. Article 78 proceeding); and *Wachtmeister v. Andrus*, 96 N.Y.2d 853, 729 N.Y.S.2d 668, 754 N.E.2d 771 (2001) (dismissing the appeal *sua sponte* on the ground that no substantial constitutional question was directly implicated).

**430**

plaintiffs' § 1983 claims were barred due to the state court's prior decision on federal constitutional issues and precluded subsequent federal court review). The District Court did not err when it held that plaintiff's claims were fully litigated in New York state courts and that the § 1983 claims were therefore barred by collateral estoppel.

We affirm in all respects the judgment of the District Court substantially for the reasons stated in its Memorandum Decision and Order dated June 12, 2002.