OPINION OF THE COURT
Dianne T. Renwick, J.
*586 Plaintiff Jillian Melendez commenced this action seeking to recover money damages for personal injuries sustained during an automobile accident. Defendant Wilda Ramos now moves for a court order amending her answer to include the affirmative defense of collateral estoppel, deeming said answer served, and granting summary judgment based upon the newly-added affirmative defense of collateral estoppel. The dispositive issue on this motion is whether collateral estoppel applies to a judicial hearing officer’s (JHO) decision at a framed issue hearing denying a petition seeking to permanently stay arbitration of an uninsured motorist claim based upon the fact that the offending vehicle belonged to an unidentified hit-and-run driver.
Factual and Procedural Background
This dispute arises from an automobile accident that took place on April 7, 2001. Reportedly, plaintiff Julia Melendez was injured while riding as a passenger in a motor vehicle driven by defendant Joy Walton, who had rented it from defendant Budget Rent-A-Car. Such vehicle was struck by a vehicle which left the scene of the accident. The plate of the vehicle that left the scene was later identified as the one belonging to defendant Ramos. In her answer, however, defendant Ramos denied that either her car or she had been involved in the accident that resulted in plaintiffs injuries.
In addition to the damages sought in this personal injury action commenced in early 2004, plaintiff Melendez sought arbitration of an uninsured motorist claim against her own insurer, Allstate Insurance, based upon defendant Ramos’ denial of being the hit-and-run driver. Pursuant to Regulation 35D, an uninsured motor vehicle is defined, inter alia, as one for which neither the owner nor driver can be identified, including a hit- and-run vehicle. Allstate Insurance, however, sought to permanently stay the uninsured motorist claim, by instituting a special proceeding pursuant to article 75 of the CPLR, in Supreme Court, Kings County, on the ground that the offending hit-and-run driver had been identified as defendant Ramos, whose car was insured by State Farm Insurance. Both defendant Ramos and State Farm Insurance were named as respondents in the article 75 special proceeding.
The Supreme Court, Kings County, granted a temporary stay of the arbitration of the uninsured motorist claim, pending the outcome of the court-ordered framed issue hearing. At the hearing, presided over by JHO Leonard Silverman, defendant Ramos *587 testified that neither her car nor she had been involved in the automobile accident that resulted in plaintiff’s injuries. She explained that her license plate had been stolen prior to the accident in question. Explicitly crediting Ramos’ averment that her license plate had been stolen and that neither her car nor she had been involved in the accident, the JHO denied a permanent stay of the arbitration of the uninsured motorist claim and dismissed the article 75 petition.
Defendant Ramos now moves for a court order granting her leave to amend her answer to assert the affirmative defense of collateral estoppel based upon the JHO’s decision at the framed issue hearing finding that she had not been the offending hit- and-run driver. Concomitantly, defendant Ramos moves for summary judgment on the newly-added affirmative defense, arguing that the JHO’s decision collaterally estops plaintiff from relitigating in the personal injury action the issue of defendant’s noninvolvement in the automobile accident. Plaintiff Melendez has failed to submit any opposition; the motion is, however, opposed by defendant Budget Rent-A-Car.
Discussion
As a threshold matter this court examines the branch of defendant Ramos’ motion seeking to amend her answer. It is axiomatic that leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit. (See e.g., Letterman v Reddington, 278 AD2d 868 [2d Dept 2000]; Rinker v Oberoi, 275 AD2d 1000 [4th Dept 2000]; Graham v Eagle Distrib. Co., 224 AD2d 921 [1st Dept 1996]; Mathiesen v Mead, 168 AD2d 736 [3d Dept 1990].) This court finds that prejudice is not even alleged, let alone established. (Cf., State of New York v Super Value, 257 AD2d 708, 710 [2d Dept 1999].) This court also finds that there is merit to the proposed amendment, as fully explained below. (Cf., Goldstein v St. John’s Episcopal Hosp., 267 AD2d 426, 427 [2d Dept 1999].) Therefore, this court grants defendant-movant’s motion seeking to amend, and her answer shall now be deemed to include the affirmative defense of collateral estoppel. (Cf. CPLR 3211 [a] [5].)
This court next examines the branch of defendant Ramos’ motion seeking dismissal of the action based upon the newly-added affirmative defense of collateral estoppel. While this court has not found a single case that has directly addressed the issue, there should be no dispute that the doctrine of collateral *588 estoppel is applicable to give preclusive effect to a determination by a JHO at a framed issue hearing, pursuant to a CPLR article 75 petition, denying a permanent stay of an arbitration of an uninsured motorist claim. Indeed, New York courts have consistently applied collateral estoppel, also known as issue preclusion, to prior administrative and arbitral determinations to bar litigation of claims in judicial forums. (See e.g., Clemens v Apple, 65 NY2d 746 [1985]; Ryan v New York Tel. Co., 62 NY2d 494 [1984]; Schwartz v Public Adm’r of County of Bronx, 24 NY2d 65 [1969].)
For instance, an arbitrator’s dismissal of claimant’s no-fault insurance claim for medical benefits has been held to have a binding effect against the claimant’s personal injury action under the doctrine of collateral estoppel. (See e.g., Clemens v Apple, 65 NY2d 746 [1985]; Maldonado v Nu Way Fuel Burners, 131 AD2d 735 [2d Dept 1987].) For example, in Maldonado v Nu Way Fuel Burners (supra), the pedestrian and his wife brought a personal injury action against the purported owner of a vehicle involved in a hit-and-run accident. The Appellate Division, however, granted the defendant, the purported owner of the offending hit-and-run vehicle, a dismissal of the action on the ground that the plaintiff was collaterally estopped from suing the defendant based upon the determination at the arbitration of no-fault benefits, finding that the plaintiff’s assignee (hospital) failed to demonstrate that the offending vehicle was that belonging to the defendant. (Id.)
Given that collateral estoppel has been extended to apply to a prior arbitration proceeding of no-fault benefits barring a subsequent lawsuit for personal injuries against a purported hit-and-run driver, it stands to reason that the doctrine should apply with greater force to a special proceeding conducted in Supreme Court, where the litigants would have the opportunity to employ procedural rights and enjoy substantive rights greater than those employed in the arbitration forum. Nevertheless, New York courts have demanded that two conditions must be met before collateral estoppel will apply to any prior determination. First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and, second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination. (See Clemens v Apple, 65 NY2d 746 [1985]; Ryan v New York Tel. Co., 62 NY2d 494 [1984]; DeWitt, Inc. v Hall, 19 NY2d 141 [1967]; Schwartz v Public Adm’r, 24 NY2d *589 65 [1969].) The party seeking the benefit of collateral estoppel has the burden of demonstrating the identicality of issues in the present litigation and the prior determination, where the party attempting to defeat its application has the burden of demonstrating the absence of a full and fair opportunity to litigate the issue in the prior action. (Kaufman v Eli Lily & Co., 65 NY2d 449, 455-456 [1985]; Ryan v New York Tel. Co., 62 NY2d 494 [1984]; see also, Siegel, NY Prac §§ 456-572 [1999].)
Applying the foregoing principles to this case demonstrates clearly that collateral estoppel bars plaintiff from litigating the subject tort claim against defendant Ramos. First, the movant has established the identicality and decisiveness of the issues. In order to be able to recover damages in this personal injury action against defendant Ramos, plaintiff has to establish that either the Ramos’ motor vehicle or she had been involved in the accident that resulted in plaintiffs injuries. That is the precise issue decided by the JHO when he denied plaintiff’s insurer, Allstate Insurance, a permanent stay of the arbitration of the uninsured motorist claim, by finding that defendant Ramos had not been the offending hit-and-run driver on the day of the accident. Thus, as the proponent of the collateral estoppel doctrine, defendant Ramos has met her burden.
Secondly, defendant Budget Rent-A-Car, as the opponent to the applicability of the rule, has failed to meet its burden of establishing the absence of a full and fair opportunity to litigate the issue of the prior proceeding. The determination of whether there has been a full and fair opportunity to litigate in the prior action “requires an exploration of the various elements which make up the realities of litigation.” (Schwartz v Public Adm’r of County of Bronx, 24 NY2d 65, 72 [1969].) Among the factors to be considered in determining whether a party has had her day in court are: the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence of and expertise of counsel, the availability of the new evidence, the differences in the applicable law and the foreseeability of future litigation. (Schwartz v Public Adm’r, 24 NY2d 65, 72 [1969]; see also, Ryan v New York Tel. Co., 62 NY2d 494 [1984]; Gilberg v Barbieri, 53 NY2d 285 [1981]; Siegel, NY Prac § 467 [2003]; Restatement [Second] of Judgments § 29.)
The record before this court reveals by overwhelming evidence that plaintiff had a full and fair opportunity to litigate at the prior CPLR article 75 special proceeding. Indeed, the JHO’s *590 decision was reached after a hearing where plaintiff and her insurer, Allstate Insurance, and defendant Ramos and her insurer, State Farm Insurance, all had an opportunity to present evidence and cross-examine defendant Ramos during her testimony. This court finds no merit to the argument by defendant Budget Rent-A-Car that the doctrine should not apply here because the framed issue hearing related to a small claim in comparison to the claim raised in the personal injury action. On the contrary, the amount involved in the uninsured motorist claim ($10,000 policy) was not insignificant. (Cf. Clemens v Apple, 65 NY2d 746 [1985] [$1,800 no-fault medical benefits sought by arbitration deemed significant].)
More importantly, it was plaintiff alone who voluntarily chose to seek redress for the injuries caused by the offending hit-and-run driver via an arbitration of the uninsured motorist claim against her insurer, despite the pending personal injury action against defendant Ramos. At the time, plaintiff, who was represented by counsel, was fully aware that pursuing arbitration of the uninsured motorist claim was contrary to her tort claim against defendant Ramos. (Cf. Clemens v Apple, supra; Koch v Consolidated Edison Co. of N.Y., 62 NY2d 548 [1984].) Indeed, plaintiff clearly understood the consequences of her action, as suggested by plaintiff’s failure to contest this motion. Significantly, at the arbitration of the uninsured motorist claim, plaintiff’s insurer, Allstate Insurance, would be precluded from relitigating the issue of whether the offending hit-and-run vehicle belonged to defendant Ramos. Under the circumstances, there is no valid reason why plaintiff should not be bound by the prior determination at the framed issue hearing. To hold otherwise would grant plaintiff two bites of the apple and invite inconsistent determinations.
Conclusion
For the foregoing reasons, this court finds that defendant Ramos should be granted leave to amend her pleading, and her answer shall now be deemed to include the affirmative defense of collateral estoppel. This court further grants that branch of defendant’s motion seeking dismissal of the action based upon the newly-added affirmative defense of collateral estoppel. The personal injury action against defendant Ramos is clearly barred by the doctrine of collateral estoppel based upon the determina *591 tion of the JHO at the framed issue hearing, denying plaintiffs insurer a permanent stay of the arbitration of plaintiff s uninsured motorist claim, upon the finding that defendant Ramos had not been the offending hit-and-run driver.