**In re Stewart RACCUGLIA, Debtor.**

**Michael J. Bracciodieta and Alina M. Bracciodieta, Plaintiff,**

**v.**

**Stewart Raccuglia, Defendant.**

**Bankruptcy No. G10–25195–REB. Adversary No. 11–2036.**

United States Bankruptcy Court, N.D. Georgia, Gainesville Division.

Oct. 7, 2011.

**480**

Robert P. Hoyt, Deming & Hoyt, P.C., Cumming, GA, Stanley J. Turner, Stanley J. Turner, P.C., Atlanta, GA, for Plaintiff.

Evan M. Altman, Atlanta, GA, for Defendant.

### ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ORDER AND NOTICE OF STATUS CONFERENCE

ROBERT E. BRIZENDINE, Bankruptcy Judge.

Before the Court is the motion of Plaintiffs named above, filed on June 15, 2011, for summary judgment on their three-count complaint as filed herein against Defendant–Debtor. In the complaint, Plaintiffs seek a determination that a certain indebtedness based on an award as set forth in an order and judgment obtained by Plaintiffs against Debtor, evidently by default after Debtor discontinued his participation in the lawsuit, and entered on March 22, 2010 in the total amount of $83,154.81 in the Supreme Court of the State of New York, County of Suffolk, be excepted from discharge in this Chapter 7 case under the provisions of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), and 523(a)(6). Based upon a review of the record, the Court concludes that Plaintiffs' motion should be denied.

Plaintiffs' claim arises out of a dispute concerning Debtor's failure to install a retaining wall on their property in accordance with certain standards and specifications to which the parties agreed and for which Plaintiffs paid Debtor to complete. Among other things, Plaintiffs assert in

the brief accompanying their motion that Debtor obtained money from them in a fraudulent manner from which malice may be inferred and for which they obtained a judgment on grounds including fraud.[1] Plaintiffs refer to and incorporate the factual allegations in their verified complaint filed in New York state court, which sets forth causes of action for breach of contract, fraud, and negligence, and upon which that court entered its order for relief. *See* Exhibits "1" and "2," attached to Plaintiffs' Complaint herein.

Plaintiffs contend that this Court should apply collateral estoppel with respect to the New York litigation in regard to their claim that the indebtedness set forth in their judgment is nondischargeable under the grounds alleged. *See Wachtmeister v. Swiesz*, 59 Fed.Appx. 428 (2nd Cir.2003); *Melendez v. Budget Rent–A–Car*, 7 Misc.3d 585, 794 N.Y.S.2d 830 (N.Y.Sup.Ct.2005).[2] In the New York litigation, Plaintiffs' moved for the striking of Debtor's answer for his failure to cooperate under the terms of a settlement agreement and for other relief. The allegations of Plaintiffs' complaint were taken as true and served as the basis for entry of judgment in their favor against Debtor by the state court, and pursuant to an Order dated November 16, 2009, the court decided the issue of Debtor's liability in favor of Plaintiffs. *See* Court Document, attached as Exhibit "4" to Plaintiffs' Complaint; Plaintiffs' Statement Pursuant to LR 56.1(B)(1), ¶¶ 44–45; Affidavit of James Patrick McCarrick, ¶¶ 25–30. Citing *Bush v. Balfour Beatty Bahamas, Ltd.*, 62F.3d 1319 (11th Cir.1995), Plaintiffs state that Debtor herein had the opportunity to defend himself in the prior litigation but chose not to do so, and the striking of his answer therein as a consequence of same does not prevent the application of issue preclusion in this proceeding.[3]

In response, Debtor argues that issue preclusion is not warranted in this case for reasons including that the New York judgment was allegedly obtained through coercion and deceit. Further, he claims that the standards for application of this doctrine have not been met in that: (1) the issues are not identical, (2) they were not actually litigated in the New York case, (3) while the issues decided were critical to that judgment, they have no bearing in this proceeding since Debtor's defenses were not considered, and finally, (4) the standard of proof is different. In connection with the issue of dischargeability, Debtor seeks to put forth contrary evidence on the basis for the state court's judgment with respect to Plaintiffs' contention that the wall in question was not properly built. Debtor further avers that

---

1. The Decision and Order of the New York state court, docketed as a Judgment therein contains an award of damages, grants an order of default but sets forth neither findings of fact nor conclusions of law. Further, it contains no references to portions of the verified complaint or individual prayers for relief in terms of allocating the award with respect to Plaintiffs' various claims. *See* Exhibit "1," attached to Plaintiffs' Complaint herein. Debtor did not appeal the Judgment.

2. As stated by Plaintiffs in their brief, under New York law, issue preclusion bars re litigation of a prior finding of fact when "first, the identical issue necessarily must have been decided in the prior action and he decisive of the present action, and, second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." *Melendez*, 7 Misc.3d at 588–89, 794 N.Y.S.2d at 833 [cites omitted].

3. The circuit court further observed in dicta that the effect of a state court default judgment in a subsequent federal court proceeding may have to be determined in accordance with applicable state preclusion rules, 62 F.3d at 1323 n. 6.

he could not afford to retain counsel in that proceeding, Plaintiffs did not perform under a settlement agreement, and he could not afford to travel to New York to appear in that matter once he relocated to Georgia. He also contends that he signed the confession of judgment under misleading circumstances. *See* Response in Opposition, ¶ 18 (Docket No. 56).[4] Plaintiffs dispute Debtor's allegations and contend that he is improperly attempting to relitigate the basis of the New York judgment in this forum.

Summary judgment may be granted pursuant to Fed.R.Civ.P. 56, applicable herein by and through Fed. R. Bankr.P. 7056, if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986). Further, all reasonable doubts should be resolved in favor of the non-moving party, and "if reasonable minds could differ on any inferences arising from undisputed facts, summary judgment should be denied." *Twiss v. Kury,* 25 F.3d 1551, 1555 (11th Cir.1994), citing *Mercantile Bank & Trust Co. v. Fidelity & Deposit Co.,* 750 F.2d 838, 841 (11th Cir.1985). Presumptions or disputed inferences drawn from a limited factual record cannot support entry of summary judgment under Fed. R. Civ. P. 56(c), applicable herein through Fed. R. Bankr.P. 7056. The court cannot weigh the evidence or choose between competing inferences. *See Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir.1997); *Raney v. Vinson Guard Service, Inc.,* 120 F.3d 1192, 1196 (11th Cir.1997).[5]

As mentioned above, Plaintiffs argue for application of collateral estoppel, also known as issue preclusion, which may be applied in a federal bankruptcy court in dischargeability proceedings under 11 U.S.C. § 523(a). In this case, the Court applies the preclusion rules of the state of New York. *See Simmons Masonry, Inc. v. Barton (In re Barton),* 272 B.R. 61 (N.D.N.Y.2002); *accord Bush v. Balfour,* 62 F.3d at 1323 n. 6. Further, in this district, it has been held that preclusive effect must be accorded in a federal bankruptcy proceeding regarding a state court default judgment as would be granted same in a state court in accordance with applicable State law. *See Colorado West Transportation, Inc. v. McMahon,* 380 B.R. 911, 917–19 (N.D.Ga.2007); *see also Lewis v. Lowery (In re Lowery),* 440 B.R. 914, 921 (Bankr.N.D.Ga.2010); *accord Sterling Factors, Inc. v. Whelan,* 245 B.R. 698, 710 (N.D.Ga.2000).

As an initial matter, the Court observes that, as noted above, the subject state court judgment does not specify which portion of the award relates to

---

4. It does not appear that this confession was ever presented to the state court, and hence . was not a basis for its order. *See* Affidavit of James Patrick McCarrick, ¶ 5.

5. Once the party moving for summary judgment has identified those materials demonstrating the absence of a genuine issue of material fact, the non-moving party cannot rest on mere denials or conclusory allegations, but must go beyond the pleadings and designate, through proper evidence, specific facts showing the existence of a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *see also Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Johnson v. Fleet Finance, Inc.,* 4 F.3d 946, 948–49 (11th Cir. 1993); *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112 (11th Cir.1993).

which particular cause of action set forth in Plaintiffs' verified complaint. This distinction is important because even accepting the factual allegations that supported entry of the default judgment as true, a claim for relief sounding in breach of contract or negligence is not sufficient to supply the necessary factual basis to support a legal determination of nondischargeability under the provisions as pled herein. Moreover, this Court cannot speculate concerning which cause(s) of action the state court was considering in entering its ruling and cannot parcel out a single award.[6]

■ Upon review of applicable New York case authority, this Court is not overwhelmingly convinced that New York courts would automatically apply preclusion to a judgment obtained as in the circumstances outlined herein. *See Barton,* 272 B.R. 61, and cases cited therein.[7] On the one hand, this Court must consider the allegations surrounding the entry of a default judgment made by a debtor against whom preclusive effect is being sought in light of such state law standards. On the other hand, a party litigant who chooses not to offer a defense in a pending law suit, and does not appeal an unfavorable result, may not litigate such issues in this forum hoping for different outcome. While this Court is attendant to matters of due process and the purpose of the bank-

ruptcy discharge, it does not serve as an alternative appellate forum.[8]

■ The Court will discuss the effect of New York issue preclusion rules on the counts of Plaintiffs' complaint that served as the basis for the state court judgment in reverse order. Plaintiffs argue in count III that Debtor's actions resulted in the infliction of willful malicious injury to their property and constitute grounds for relief under Section 523(a)(6). A willful and malicious injury under Section 523(a)(6) is confined to acts, such as intentional torts, done with an actual intent to cause injury as opposed to acts done intentionally that result in injury. *See Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *see also Hope v. Walker (In re Walker),* 48 F.3d 1161 (11th Cir.1995). This distinction is important because reckless conduct resulting in injury that evidences an entire want of care or conscious indifference to the consequences is not sufficient under the legal standard established in this exception to discharge. Stated differently, Section 523(a)(6) addresses only those situations in which a debtor desired the injury caused by his conduct. It does not reach a debtor's failure to meet a duty of care that results in injury to someone else. *See generally Herndon v. Brock (In re Brock),* 186 B.R. 293 (Bankr. N.D.Ga.1995); *Myrick v. Ballard (In re*

---

6. In their demand for relief in the complaint, Plaintiffs sought $75,000.00 for breach of contract, $75,000.00 for fraud, and $12,000.00 for negligence. The Order and Judgment of the state court awarded the single amount of $80,600.50, and the Order determining liability may suggest same was based on all counts of the complaint.

7. That decision cites, among others, *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 492 N.Y.S.2d 584, 482 N.E.2d 63 (N.Y.1985), a case also cited in Plaintiffs' brief in support, for the proposition that there may be a lack of

identity of issues and that an issue is not actually litigated if there is a default. *Barton,* 272 B.R. at 64.

8. By the same logic, while *issue* preclusion applies regarding findings of fact and this Court refers to state issue preclusion rules regarding same, *claim* preclusion does not apply herein. Regarding the latter, a federal bankruptcy court must decide the legal issue of whether such facts are sufficient to support the conclusion that the debt in question is subject to an exception to discharge on the grounds as alleged herein.

*Ballard),* 186 B.R. 297, 299–301 (Bankr. N.D.Ga.1994).

As discussed in *Henderson v. Woolley (In re Woolley),* 288 B.R. 294, 301–02 (Bankr.S.D.Ga.2001), whereas *Geiger* generally narrowed the scope of this provision to "trespassory intentional torts," the state of mind of a debtor regarding same has been subject to further interpretation in the case law. Reviewing recent decisions on this issue, the court in *Woolley* examined the Eleventh Circuit precedent in the *Walker* case and concluded that sufficient evidence of a "debtor's personal substantial certainty" with regard to the injury resulting from his or her act remains necessary under Section 523(a)(6), as opposed to a purely objective or reasonable person test that risks reinstating the "previously rejected 'reckless disregard standard.'" 288 B.R. at 302; *accord Miller v. J.D. Abrams, Inc. (In re Miller),* 156 F.3d 598 (5th Cir.1998) (allowing either an objective or a subjective finding to satisfy willful and malicious injury). Thus, with respect to willfulness, it must be shown that a debtor either "acted with the desire to cause" the resulting harm to a targeted person, acted "with knowledge that injury will occur" to such person, or acted in the belief that harm was "substantially certain to result" either through evidence of "subjective motive" regarding same or when "no other plausible inference" can be drawn from the record that the debtor entertained such knowledge. *See Woolley,* 288 B.R. at 302 (cites omitted).

Applying this analysis to the allegations in the verified state court complaint, specifically with reference to Plaintiffs' second cause of action for fraud, while those allegations may support an inference of intent to cause willful and malicious injury, this Court concludes that same are not sufficient to constitute a finding that Debtor intended to cause such injury in the manner required under Section 523(a)(6).[9] Moreover, as stated above, the judgment does not specify the grounds for its entry in terms of Plaintiffs' various allegations, which included breach of contract and negligence along with fraud. As such, Plaintiffs' motion is denied with respect to count III of their complaint herein.

Next, with respect to count II, Plaintiffs contend that Debtor obtained money from them using a writing respecting his financial condition that was materially false on which they relied, such that their claim as represented by the New York judgment should be excepted from discharge under Section 523(a)(2)(B). The Eleventh Circuit Court of Appeals has addressed the correct application of this provision stating as follows:

> [A] debt is non-dischargeable in bankruptcy [under this provision] where it was obtained by a writing: (1) that is materially false; (2) respecting the debtor's or an insider's financial condition; (3) on which the creditor to whom the debt is liable for such money, property, services, or credit reasonably relied; and (4) that the debtor caused to be

---

**9.** It is not clear from the verified complaint in paragraph 33 what specific damage Debtor allegedly intended to result from his conduct. If this allegation is meant to incorporate the damage described in paragraph 17, it still is not clear that the state court found Debtor intended this specific damage to the driveway as opposed to taking the money he received from Plaintiffs to do the work he contracted to do. As a further concern, this Court notes that a page appears to be missing from the copy of the verified complaint as filed herein. The document provided to the Court with the complaint contains consecutive pages numbered 3 and 6, paragraphs 17 to 21, but no explanation of this discrepancy is offered. The page also appears to be missing in the exhibits attached to Plaintiffs' affidavits.

made or published with the intent to deceive.

*Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir.1994). This exception applies to situations in which money, property, services, or new or renewed credit is obtained by a false written financial statement concerning the debtor or an insider. It appears that the writing upon which Plaintiffs' relied herein is identified as a typewritten and signed statement attached to their verified complaint as Exhibit "C." This document, however, is not a financial statement and in fact, makes no representation whatsoever concerning the Debtor's financial condition. At most, it contains a promise to complete the work as agreed. Because each requirement of Section 523(a)(2)(B) must be met for this exception to apply, the Court concludes summary judgment may not be granted to Plaintiffs on this count.

 Finally, regarding count I, Plaintiffs assert that their claim should be excepted from discharge under Section 523(a)(2)(A) because same arises from Debtor's knowing and fraudulent actions in obtaining money from them. To succeed under this provision, Plaintiffs must show that Debtor committed positive or actual fraud involving moral turpitude or intentional wrongdoing.[10] Legal or constructive fraud, which involves an act contrary to a legal or equitable duty that has a tendency to deceive, yet not originating in an actual deceitful design, is insufficient. *See Agricredit Acceptance Corp. v. Gosnell (In re Gosnell)*, 151 B.R. 608, 611 (Bankr.S.D.Fla. 1992); *see also Burroughs v. Pashi (In re Pashi)*, 88 B.R 456, 458 (Bankr.N.D.Ga. 1988).[11] Under Section 523(a)(2)(A), the following must be established: (1) that the Debtor obtained money, property, or credit from Plaintiffs; (2) by false representation, pretense, or fraud knowingly made or committed; (3) with the intent to deceive the Plaintiffs or to induce it to act upon same; (4) upon which Plaintiffs justifiably relied; and (5) which proximately resulted in injury or loss to Plaintiffs. *Vann*, 67 F.3d 277. Simply stated, this provision targets deceit or artifice arising from a specific intent to mislead, trick, or cheat another person or entity. In addition, intent to deceive may be proven by circumstantial evidence.

 While most of these elements appear to be satisfied, again the verified complaint does not specify or allocate what, if any, part of the damages award addresses amounts paid by Plaintiffs to Debtor under the contract as distinguished from compensation for repairs needed for their driveway due to Debtor's actions. Further, any amount awarded for breach of contract would not come within this exception to dischargeability. Knowingly making a false statement to induce Plaintiffs' entering into the contract may sug-

---

**10.** Section 523(a)(2)(A) provides in pertinent part as follows:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. ...

11 U.S.C. § 523(a)(2)(A). These elements must be proven by a preponderance of the evidence. *See League v. Graham (In re Graham)*, 191 B.R. 489, 493 (Bankr.N.D.Ga. 1996); *accord City Bank & Trust Co. v. Vann (In re Vann)*, 67 F.3d 277 (11th Cir.1995).

**11.** Reckless disregard for the truth or falsity of a statement can also supply the necessary basis for a determination of nondischargeability under this provision in the proper circumstances. *Birmingham Trust Nat'l Bank v. Case*, 755 F.2d 1474, 1476 (11th Cir.1985), *superseded on other grounds* by Pub.L.No. 98–353, 98 Stat. 333 (1984).

gest or imply an intent to deceive, but the fact of such intent is not pled with specificity in the complaint. As stated above, however, such finding may rest on circumstantial evidence. More problematic, again, the complaint may also be construed as supporting damages for breach of contract for the initial payment of Plaintiffs. It may also support the conclusion that the fraudulent misrepresentation portion of the state court award addresses Debtor's subsequent promise made after work began in connection with finishing the job and the money paid at that time by Plaintiffs, as opposed to finding that Debtor entertained fraudulent intent at the inception of their negotiations. *See* Verified Complaint. ¶¶ 27–30.

Upon review of the record, the argument of the parties, the evidence presented, and legal authority cited herein, and in light of the unified nature of the state court award and this Court's inability to allocate it among the various claims for relief sought by Plaintiffs in that litigation, the Court concludes that Plaintiffs are not entitled to summary judgment on the counts of their complaint herein.

In accordance with the foregoing discussion, it is

**ORDERED** that the motion of Plaintiffs for summary judgment herein be, and the same hereby is, **denied.**

Upon further review of this matter, it is

**FURTHER ORDERED AND NOTICE IS HEREBY GIVEN** that a status conference in this adversary proceeding will be held at *1:30* o'clock *p.m.* on the *16th* day of *November,* 2011, in Courtroom *103,* United States Courthouse, 121 Spring Street, S.E., *Gainesville, Georgia.*

**IT IS SO ORDERED.**